STATE of Wisconsin, Plaintiff-Respondent,

v.

RICHARD G.B., Defendant-Appellant.†

Court of Appeals

*No. 02–1302–CR. Submitted on briefs October 11, 2002.—
Decided December 12, 2002.*

2003 WI App 13

(Also reported in 656 N.W.2d 469.)

† Petition to review denied 2-19-03.

⁴ See Callaghan's Wisconsin Digest, same topic and section number.

732

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Bridget E. Boyle* of *Boyle, Boyle & Smith, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James M. Freimuth*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. VERGERONT, P.J. Richard G.B. appeals a judgment of conviction for two counts of sexual assaults of a child contrary to Wis. Stat. § 948.02(2) (1999–2000),[1] and a postconviction order denying his request for a new trial and resentencing. Richard contends the trial court incorrectly interpreted Wis. Stat. § 905.05(3)(b), an exception to the husband-wife privilege, and allowed his wife to testify against him in spite of his invocation of the privilege. We conclude the exception for a proceeding in which one spouse is charged with a crime against a third person "committed in the course of committing a crime against the other," § 905.05(3)(b), applies in this case. Therefore, the trial court properly allowed Richard's wife's testimony. Richard also argues that the trial court misused its discretion in sentencing him to eighteen years in prison on one of the convictions. We conclude the trial court properly exercised its discretion in sentencing Richard. Accordingly, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

## BACKGROUND

¶ 2. The sexual assault charges against Richard involved his niece, Melissa N., who was fifteen years old at the time. Melissa testified at trial as follows. On a Saturday night in December 1999, she was baby-sitting for Richard's children at his home. After Richard and his wife came home, his wife went to bed and Richard engaged Melissa in acts of mouth-to-vagina and penis-to-vagina intercourse.

¶ 3. A couple months after this incident, Melissa was to baby-sit Richard's children at his home again. Richard picked up Melissa, and while driving back to his home, Richard told her to look under the seat because he had bought her something from a store called "Naughty But Nice." Melissa pulled out a package from underneath the seat and found a vibrator inside. He explained to her how the vibrator worked and demonstrated by turning it on while he was driving. At that point, she decided not to spend the night at Richard's house. She called her grandmother when she arrived at Richard's house and said she needed to get out of there. Her grandmother picked her up, and Melissa told her grandmother and aunt about the vibrator and the prior sexual incident with Richard.

¶ 4. The State brought a motion in limine prior to trial regarding the admissibility of the testimony of Richard's wife, Tracy. One of the statements at issue concerned Tracy's conversation with Richard concerning the vibrator. According to Tracy, Richard admitted to her that he bought the vibrator, but he told her that he bought it for her. He also told her that the vibrator slid out from beneath the seat of his car when he had to stop instantly, and Melissa found it.

¶ 5. Richard objected to the admission of this testimony, asserting the husband-wife privilege under Wis. Stat. § 905.05(1), which provides:

**(1)** GENERAL RULE OF PRIVILEGE. A person has a privilege to prevent the person's spouse or former spouse from testifying against the person as to any private communication by one to the other made during their marriage.

The trial court ruled that the privilege did not apply because of the exception in § 905.05(3)(b) which provides:

**(3)** EXCEPTIONS. There is no privilege under this rule:

. . . .

(b) In proceedings in which one spouse or former spouse is charged with a crime against the person or property of the other or of a child of either, or with a crime against the person or property of a 3rd person committed in the course of committing a crime against the other.

The trial court reasoned that Richard's having sexual relations with someone other than his wife—Melissa—constituted the crime of adultery, which was a crime against his wife.

¶ 6. The jury found Richard guilty of two counts of second-degree sexual assault. The court sentenced Richard to an indeterminate prison term not exceeding eighteen years on the conviction for mouth-to-vagina intercourse. On the conviction for penis-to-vagina intercourse, the court imposed and stayed a consecutive eighteen-year prison term and placed Richard on pro-

bation for twenty years. The trial court denied Richard's postconviction motion for a new trial or resentencing.

## DISCUSSION

*Spousal Privilege Exception, Wis. Stat. § 905.05(3)(b)*

■■■

¶ 7. Richard asserts that the trial court incorrectly interpreted the exception to the spousal privilege in Wis. Stat. § 905.05(3)(b) to allow his wife to testify regarding his purchase of a vibrator, in spite of his invocation of the spousal privilege. Although the decision whether to admit or exclude evidence generally lies within the sound discretion of the circuit court, if an evidentiary issue requires construction or application of a statute to a set of facts, a question of law is presented, and our review is de novo. *State v. Jagielski*, 161 Wis. 2d 67, 467 N.W.2d 196 (Ct. App.1991).

■■■

¶ 8. When we construe a statute, our aim is to ascertain the intent of the legislature, and to that end we first consider the statutory language. *Kelley Co. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68, 74 (1992). If that language is clear and unambiguous, our inquiry ends; and we simply apply the language to the facts of the case. *Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 201, 496 N.W.2d 57 (1993). However, if the language is ambiguous, we determine legislative intent from the words of the statute in relation to its context, subject matter, scope, history, and the object the legislature intended to accomplish. *Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997). A statute is ambiguous if it has more than one reasonable interpretation when applied to the facts of a

particular case; the question whether a statute is ambiguous is a question of law, subject to our de novo review. *In re Commitment of Gibbs,* 2001 WI App 83, ¶ 4, 242 Wis. 2d 640, 625 N.W.2d 666.

¶ 9. The State concedes that Richard's alleged statement to his wife that he bought the vibrator qualifies as a private communication. Therefore, under WIS. STAT. § 905.05(1), Richard can prevent his wife from testifying at trial about his statement, unless one of the statutory exceptions to the spousal privilege applies. The exception at issue in this case is para. (3)(b).

¶ 10. We begin with the language of WIS. STAT. § 905.05(3)(b). It provides three different situations in which a spouse may testify against the other spouse despite the invocation of the spousal privilege. They are: (1) in a proceeding in which a spouse or former spouse is charged with a crime against the person or property of the other [spouse]; (2) in a proceeding in which a spouse or former spouse is charged with a crime against the person or property "of a child of either" spouse; or (3) in a proceeding in which a spouse or former spouse is charged with a crime against the person or the property of a third person "committed in the course of committing a crime against the other [spouse]."

¶ 11. Richard argues that the exception to the spousal privilege in WIS. STAT. § 905.05(3)(b) does not apply because Richard is not charged with a crime against Tracy. However, we conclude that the plain language does not require that he be charged with a crime against his wife if either the second or third

738

situation is applicable. It is the third situation we focus on, which we will call the "third-party exception."[2]

¶ 12. With respect to the third-party exception, it appears Richard is arguing that because his acts that constitute a crime against the third person, Melissa, are the same acts that constitute adultery, the crimes against Melissa were not committed "in the course of" committing adultery.[3] We are uncertain whether his contention is that this phrase is plain or ambiguous. However, we agree with the State's position that this phrase is ambiguous when applied to the facts of this case, and we therefore consider the purposes of the privilege and of this exception as an aid in construing this language.

¶ 13. The spousal privilege prohibiting one spouse from testifying against the other is based on the public policy of encouraging marital confidence between husband and wife and thereby preserving the marital relationship. *Abraham v. State*, 47 Wis. 2d 44, 53, 176 N.W.2d 349 (1970). Since this privilege, like other types of privileges, results in the exclusion of relevant evi-

---

[2] It appears that Richard interprets the trial court's ruling on his postconviction motion to suggest that there is an exception because Melissa was a child relative visiting Richard's home. We do not understand the trial court's ruling in this way. But, even if the court did so rule, our review is de novo, and we may affirm a trial court's conclusion as correct even if we do so on different grounds. *See Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995).

[3] Richard asserts that in order to conclude that he committed adultery, we have to assume he was guilty of the allegations in the criminal complaint and this is not the intent of the legislature. If Richard intends this as an additional argument, he does not develop it sufficiently for us to address it.

dence, the general approach is to apply them " 'only to the very limited extent that permitting a refusal to testify . . . has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.' [Citation omitted.]" *Trammel v. United States*, 445 U.S. 40, 50 (1980).

¶ 14. The exceptions in WIS. STAT. § 905.05(3)(b) identify situations in which a spouse, who would otherwise be entitled to invoke the privilege, has transgressed either against his or her spouse (the first and third situations), or against a child of either spouse (the second situation). In these situations, the legislature has determined that preventing a spouse from testifying against the accused spouse does not serve a public good that is more important than ascertaining the truth. In particular, with respect to the first and third situations, if one spouse has committed a crime against the other, the trust fundamental to a marriage has been severely damaged; the legislature has therefore concluded that sufficient justification for the privilege no longer exists. *See* § 905.05(3)(b).

¶ 15. In light of the purpose of both the privilege and exceptions in WIS. STAT. § 905.05(3)(b), we conclude it is irrelevant whether the acts of the defendant that constitute a crime against a third party are the same acts that constitute a crime against the spouse or different acts. It is also irrelevant whether a crime against the spouse is the "primary crime" rather than incidental to, or a necessary by-product of, a crime against the third party. The purpose of the third-party exception in para. (3)(b) is best carried out if committing a crime against a third party "in the course of" committing a crime against one's spouse is interpreted to encompass conduct that is both itself a crime against

740

a third party and a crime against one's spouse. We therefore conclude that Richard committed sexual assaults against Melissa "in the course of" committing a crime against Tracy within the meaning of § 905.05(3)(b).[4]

■

¶ 16. Richard may also be contending that adultery is not "a crime against" his wife. However, he apparently concedes that adultery is defined as a crime by Wis. Stat. § 944.16(1), which provides:

> **Adultery.** Whoever does either of the following is guilty of a Class E felony:

---

[4] Richard and the State debate the relevance of *People v. Sinohui*, 28 Cal. 4th 205, 47 P.3d 629, 120 Cal. Rptr. 2d 783(2002), in which the court construed the same phrase "in the course of committing a crime . . . against the person . . . of the other spouse" in a different factual context. In *Sinohui*, the defendant was charged with kidnapping and murdering his wife's former boyfriend; at the same time, he committed acts that constituted false imprisonment of his wife. *Id.* at 632. The court rejected the defendant's argument that the phrase meant that the crime against the spouse was not incidental to the crime against the third person, that the spouse had to be the primary victim. *Id.* at 635. Instead, the court concluded that the defendant committed the crimes of kidnapping and murder against his wife's former boyfriend "in the course of" committing the crime of false imprisonment against his wife, because both crimes were part of a continuous course of criminal conduct and bore some logical relationship to each other. *Id.* at 639. *Sinohui* is consistent with our conclusion that the crime against the spouse need not be the "primary crime," but may be incidental to the crime against a third person. However, we agree with Richard that the *Sinohui* court's analysis of the specific relationship between the crime against the third party and the crime against the spouse in that case is not particularly helpful in analyzing the relationship between the sexual assaults of Melissa and adultery against Tracy.

 **(1)** A married person who has sexual intercourse with a person not the married person's spouse . . . .

It may be that adultery is no longer prosecuted as a crime, and that many people no longer view adultery as deserving of criminal punishment. But adultery is nevertheless defined as a crime under the statutes of this State, and therefore it plainly is a "crime" within the meaning of WIS. STAT. § 905.05(3)(b). We also see no ambiguity concerning whether adultery is a crime "against" Richard's wife. Certainly she is injured, although not physically, by her husband having sexual relations with a person other than herself. Even if we assume, for purposes of argument, that there is an ambiguity on this point, we conclude that construing a "crime against the other [spouse]" to include adultery is more consistent with the purposes of the privilege and exceptions in para. (3)(b). When a married person commits the crime of sexual assault against a third person, that married person has transgressed against his or her spouse as well as the third person, and the justification for preventing one spouse from testifying against the other no longer outweighs the interests of ascertaining the truth.

¶ 17.	Accordingly, we conclude that under WIS. STAT. § 905.05(3)(b) Tracy's testimony is admissible despite Richard's invocation of the spousal privilege because he was charged with crimes of sexual assault against a third party, Melissa, committed "in the course of" committing the crime of adultery "against the other [spouse]," Tracy.

*Richard's Sentence*

¶ 18. Richard argues that his sentence of eighteen years for his conviction for mouth-to-vagina intercourse was "too harsh" for someone with a family, stable work history, and no prior criminal history. He does not challenge the sentence for the other conviction.

¶ 19. Our review of Richard's sentence is limited to determining whether the trial court erroneously exercised its discretion. *See Ocanas v. State,* 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). In imposing a sentence, the three primary factors the court is to consider are the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *McCleary v. State*, 49 Wis. 2d 263, 276, 182 N.W.2d 512 (1971). There is a strong public policy against interference with the sentencing discretion of the trial court, and we presume that the trial court acted reasonably. *See State v. Spears*, 227 Wis. 2d 495, 506, 596 N.W.2d 375 (1999). Because of this policy, the defendant has the burden to show some unreasonable or unjustifiable basis in the record for the sentence at issue. *State v. Lechner*, 217 Wis. 2d 392, 418, 576 N.W.2d 912 (1998).

¶ 20. We observe first that the maximum prison term for second-degree sexual assault of a child under WIS. STAT. § 948.02(2) at the relevant time he was convicted was twenty years. *See* WIS. STAT. § 939.50(3)(bc) (1997–1998). Generally, sentences within the limits of the maximum sentence are not disproportionate to the offense committed and are not unduly harsh or unconscionable. *State v. Daniels*, 117 Wis. 2d 9, 22, 343 N.W.2d 411 (Ct. App. 1983).

743

¶ 21. The trial court here considered the primary sentencing factors in imposing the eighteen-year prison term. The court took into account the gravity and nature of the offense, noting that the offense was punishable by up to twenty years in prison, which reflected the seriousness of the crime. The court also considered Richard's character and rehabilitative needs. While recognizing that Richard was a "hard worker" and had "a strong family support," it stated "there are offenses that so overshadow good character . . . the primary focus shifts to the . . . gravity of what occurred." Finally, the court observed that there was a need to protect the public "from having people like [Richard] . . . taking advantage of their children." We are satisfied that the trial court clearly articulated its reasoning for the sentence and considered the appropriate factors. We therefore conclude that the trial court did not erroneously exercise its discretion.

*By the Court.*—Judgment and order affirmed.