STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott R. JENSEN, Defendant-Appellant.

Court of Appeals

No. 2006AP2095–CR. *Submitted on briefs August 16, 2007.
—Decided November 8, 2007.*

2007 WI App 256

(Also reported in 743 N.W.2d 468.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert H. Friebert* and *Matthew W. O'Neill* of *Friebert, Finerty & St. John, S.C.*, Milwaukee; *R. Ryan Stoll* of *Skadden, Arps, Slate, Meagher & Flom, LLP*, Chicago; and *Stephen J. Meyer* of *Meyer Law Office*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

A nonparty brief was filed by *Kathleen M. Quinn*, Milwaukee, for Wisconsin Association of Criminal Defense Lawyers.

Before Higginbotham, P.J., Dykman and Anderson, JJ.

¶ 1. HIGGINBOTHAM, P.J. Scott Jensen appeals a judgment based on a jury's verdict convicting him of three counts of felony Misconduct in Public Office contrary to Wis. Stat. § 946.12(3) (2005–06),[1] and one count of Intentional Misuse of Public Position for

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

Private Gain as a Party to the Crime, contrary to Wis. Stat. §§ 19.45(2) and 939.05.[2] Jensen contends that the trial court submitted an erroneous jury instruction and prevented him from presenting a complete defense by excluding portions of his and his defense witnesses' testimonies. We conclude that the trial court properly exercised its discretion in excluding portions of Jensen's defense witnesses' testimony, but erred in submitting an erroneous jury instruction and in excluding portions of Jensen's own testimony.[3] Accordingly, we affirm in part and reverse in part and remand for a new trial.

## Background

¶ 2. The following facts are taken from the trial record and are limited to those facts necessary to this opinion. For additional background facts, *see State v. Jensen (Jensen I)*, 2004 WI App 89, 272 Wis. 2d 707, 681 N.W.2d 230. Scott Jensen was elected to the Wisconsin State Legislature in the early 1990s. In October 2002, the State charged Jensen with three counts of Misconduct in Public Office, contrary to Wis. Stat. § 946.12(3). The complaint alleged that Jensen exercised his discretionary powers in public office in a manner inconsistent

[2] Jensen has not appealed his conviction for Intentional Misuse of Public Position for Private Gain, and we therefore do not address that conviction in this opinion.

[3] Because we conclude that the court's jury instruction was erroneous under Wis. Stat. § 903.03, we need not reach Jensen's challenge to the jury instruction on constitutional grounds. *See State v. Dyess*, 124 Wis. 2d 525, 533, 370 N.W.2d 222 (1985) (we "need not address a claim of constitutional error if the claim can be resolved on statutory or common law grounds"). We also do not address Jensen's arguments that he did not receive a fair trial and the real controversy was not fully tried, because our other findings of error are sufficient to mandate reversal.

with his duties by hiring state employees to solicit campaign funds, to recruit and otherwise assist political candidates, and to work on his own campaign, Taxpayers for Jensen, all on time compensated by the state and with the intent to obtain a dishonest advantage for Jensen or others.

¶ 3. Jensen filed a motion to dismiss the complaint in December 2002. *Jensen I*, 272 Wis. 2d 707, ¶ 9. The trial court denied Jensen's motion and we granted Jensen leave to appeal. *Id.*, ¶ 10. We affirmed the trial court's order, rejecting Jensen's assertions that WIS. STAT. § 946.12(3) was unconstitutionally vague and overbroad as applied to him, that the State's definition of legislative duties violated the separation of powers doctrine, and that the factual allegations in the complaint did not establish probable cause. *Id.*, ¶ 2. On review, the supreme court, with four justices sitting, unanimously affirmed as to most issues but was evenly split as to whether the charges violated the principles of Due Process, Fair Notice, and vagueness. *State v. Jensen*, 2005 WI 31, 279 Wis. 2d 220, 694 N.W.2d 56. The supreme court therefore affirmed our opinion as to those matters. *Id.*

¶ 4. Prior to trial, both parties submitted proposed jury instructions. The State included the following sentence in its jury instruction for the intent element of Misconduct in Public Office: "The use of a state resource to promote a candidate in a political campaign or to raise money for the candidate, provides to that candidate a dishonest advantage." The State also filed a motion in limine to exclude any evidence offered by Jensen to show that Jensen believed that others had engaged in similar use of state resources for political campaigns. The State argued that proof of similar violations by others was not relevant to the issue of

Jensen's intent, contending that our decision in *Jensen I* established that, by definition, using state resources to promote a political campaign created a dishonest advantage. Jensen argued in opposition to the State's motion that the evidence was relevant to Jensen's defense as to the intent element, and that the State's interpretation of *Jensen I* relieved the State of its burden to prove all the elements of the charged crime. At the motion hearing, the court and the parties agreed that the evidentiary issue was intertwined with the issue of the contested jury instruction on Misconduct in Office. The court held that the State's proposed jury instruction, based on its reading of our decision in *Jensen I*, correctly stated the law.

¶ 5. At trial, the court again ruled that Jensen, a Republican, could not introduce evidence as to similar actions by Democratic legislators. Jensen then made an offer of proof as to the evidence he would offer to support his defense theory that he lacked the requisite intent to obtain a dishonest advantage. This included witnesses who would have testified as to the custom of both Republican and Democratic legislators using state resources for campaign purposes.

¶ 6. Jensen testified in his own defense. He explained his history with the Wisconsin Legislature and his and his staff's participation in campaign activities, including their adherence to leave policies for working on campaigns. When he attempted to testify as to his understanding of campaign practices among Democratic legislators, the State objected and the court sustained the objections, instructing Jensen and his counsel to "[d]irect your question and the answers to the activities of Mr. Jensen."

¶ 7. The jury found Jensen guilty of three counts of felony Misconduct in Public Office. Jensen appeals.

*Standard of Review*

¶ 8. The Wisconsin Supreme Court summarized the standard of review of a trial court's decision to accept or reject a particular jury instruction as follows: A trial court has broad discretion in deciding whether to give a particular jury instruction, and the court must exercise its discretion to "fully and fairly inform the jury of the rules of law applicable to the case and to assist the jury in making a reasonable analysis of the evidence." *State v. Coleman*, 206 Wis. 2d 199, 212, 556 N.W.2d 701 (1996) (citation omitted). However, we will independently review whether a jury instruction is appropriate under the specific facts of a given case. *State v. Groth*, 2002 WI App 299, ¶ 8, 258 Wis. 2d 889, 655 N.W.2d 163, *overruled on other grounds by State v. Tiepelman*, 2006 WI 66, ¶ 31, 291 Wis. 2d 179, 717 N.W.2d 1.

¶ 9. Usually, whether to admit or exclude evidence is within the circuit court's discretion. *State v. Richard G.B.*, 2003 WI App 13, ¶ 7, 259 Wis. 2d 730, 656 N.W.2d 469. However, "if an evidentiary issue requires construction or application of a statute to a set of facts, a question of law is presented, and our review is de novo." *Id.* Further, whether a defendant was denied the constitutional right to present a defense through the exclusion of evidence is a question of constitutional fact, which we review de novo. *State v. St. George*, 2002 WI 50, ¶ 16, 252 Wis. 2d 499, 643 N.W.2d 777.

*Discussion*

*1. Jury Instruction*

¶ 10. Jensen contends that the following sentence in the jury instruction given by the trial court operated

as a mandatory conclusive presumption: "The use of a state resource to promote a candidate in a political campaign or to raise money for a candidate provides to that candidate a dishonest advantage."[4] More specifically, Jensen contends that the jury instruction directed the jury to presume the elemental fact that Jensen acted with intent to obtain a dishonest advantage for himself or another upon the predicate fact that he acted inconsistently with the duties of his office by using state resources for campaign purposes. Jensen asserts that the modified instruction violated WIS. STAT. § 903.03(3) because it contained an impermissible mandatory conclusive presumption and the trial court failed to instruct the jury in the manner required by § 903.03(3).

¶ 11. The State argues that the contested language in the jury instruction did not contain a mandatory conclusive presumption because the language merely stated the law as established in *Jensen I* and *State v. Chvala*, 2004 WI App 53, 271 Wis. 2d 115, 678 N.W.2d 880, and the court must instruct the jury on the law. It also argues the jury instruction did not direct the

---

[4] The trial court read the following modified version of WIS JI–CRIMINAL 1732 to the jury:

The fourth element requires that the defendant exercised... discretionary power with intent to obtain a dishonest advantage for himself or herself or another. *The use of a state resource to promote a candidate in a political campaign or to raise money for a candidate provides to that candidate a dishonest advantage.* The phrase "with intent to" means that the defendant must have had the purpose to obtain a dishonest advantage or have been aware that his conduct was practically certain to cause that result. You cannot look into a person's mind to find intent. While this intent to obtain a dishonest advantage must be found as a fact before you can find the defendant guilty, it must be found, if found at all, from his acts and words and statements, if any, bearing upon his intent.

(Emphasis added.)

jury to find that Jensen intended to obtain a dishonest advantage if it found he used state resources to promote a political campaign. Instead, the State asserts, the instruction allowed the jury to make its own finding as to whether Jensen intended to obtain a dishonest advantage if it found he improperly used state resources for campaign purposes. We disagree, and conclude that the jury instruction contained a mandatory conclusive presumption and thus violated WIS. STAT. § 903.03 because it did not contain the limiting language set forth in sub. (3).

¶ 12. In *State v. Kuntz*, 160 Wis. 2d 722, 736–37, 467 N.W.2d 531 (1991), the supreme court explained that:

> A mandatory presumption instructs the jury that it must find the elemental fact if the state proves certain predicate facts. A mandatory presumption that is irrebutable is conclusive. Thus, a mandatory conclusive presumption relieves the state of its burden of persuasion by removing the presumed element from the case entirely if the state proves the predicate facts.

(Citations omitted.) WISCONSIN STAT. § 903.03(2) limits the circumstances under which a judge may direct a jury to find a presumed fact against a defendant. In the event that the judge gives such an instruction, § 903.03(3) requires that

> the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.

¶ 13. Thus, we begin by examining the elements of the crime of Misconduct in Public Office under Wis. Stat. § 946.12(3). Intent to obtain a dishonest advantage and violation of one's official duties are distinct elements under § 946.12(3). "[T]he statute provides, as separate elements of the crime, the requirement that the conduct be 'inconsistent with the duties of [one's] office' and the requirement that the conduct be done 'with intent to obtain a dishonest advantage.'" *State v. Tronca*, 84 Wis. 2d 68, 82–83, 267 N.W.2d 216 (1978). Although both elements may be proved through the same transaction, there must nevertheless be proof as to both elements. *Id.* at 83. Thus, the State was required to prove beyond a reasonable doubt that Jensen exercised his discretionary power with the purpose to obtain a dishonest advantage.[5]

¶ 14. The State's argument that the jury instruction did not contain a mandatory conclusive presumption relies on its interpretation of *Jensen I* and *Chvala* as establishing that a legislator who uses state resources for campaign purposes obtains a dishonest advantage. The problem with the State's analysis is that it fails to appreciate the difference between our ruling on a motion to dismiss a complaint and appropriate language for a jury instruction. The following statement in *Chvala*, 271 Wis. 2d 115, ¶ 19, was made in the context of discussing whether Wis. Stat. § 946.12(3) was unconstitutionally vague:

---

[5] Both parties agree that misconduct in public office is a specific intent crime. *See State v. Stoehr*, 134 Wis. 2d 66, 78, 396 N.W.2d 177 (1986). This is in contrast with the more general intent requirement that a person merely must have an intent to do a proscribed act. *See State v. Lasky*, 2002 WI App 126, 24–25, 254 Wis. 2d 789, 646 N.W.2d 53 (distinguishing between general and specific intent crimes).

> A reasonable legislator can easily conclude by the language of [Wɪs. Sᴛᴀᴛ. § 11.001(2) (the declared policy that an incumbent is to not have an unfair advantage over a non-incumbent)] that directing [Senate Democratic Caucus] staff to engage in political campaign activity with state resources is inconsistent with the rights of others and is intended to obtain a dishonest advantage.

In other words, we said that Chvala *could* be convicted because the statute apprised a reasonable legislator that his conduct, as alleged in the complaint, neared proscribed conduct. *Id.*, ¶¶ 10–11. We did not say that a trial court could direct a finding on the intent element on the facts in the complaint. There is a significant difference.

¶ 15. We agree with Jensen that *State v. Dyess* is instructive. In *Dyess*, the defendant was charged with homicide by negligent use of a vehicle. *Dyess*, 124 Wis. 2d 525, 528, 370 N.W.2d 222 (1985). Evidence introduced at trial indicated that Dyess was exceeding the speed limit at the time of the accident. *Id.* At the close of evidence, the trial court instructed the jury that "[a]ny speed in excess of [the speed] limit would be negligent speed regardless of other conditions." *Id.* at 531. Dyess was convicted of the charge.

¶ 16. Dyess appealed, arguing in part that the jury instructions were constitutionally and statutorily infirm because "they created a conclusive presumption of negligence." *Id.* at 532. We affirmed.

¶ 17. The supreme court reversed, concluding that the instruction violated Wɪs. Sᴛᴀᴛ. § 903.03(3) because the challenged part of the instruction essentially directed "the jury to bring in a finding that was essential to the determination of guilt." *Id.* at 534. More specifically, the court concluded that, in a civil case, a judge may

instruct a jury that as a matter of law one who speeds is negligent. However, this type of instruction directs an essential finding in a criminal case. The court ruled that whether Dyess was negligent was a factual issue for the jury.

¶ 18. Here, as in *Dyess*, the jury instruction precluded the jury from reaching its own decision on a finding essential to a conviction. In *Dyess*, the instruction directed the jury to find negligence on a finding of speeding. Here, the instruction directed the jury to find intent on a finding of a violation of an official duty. We fail to see a distinction.

¶ 19. The State, however, argues that only directed *factual* findings are impermissible, while directed *legal* findings are proper. The *Dyess* court rejected this argument. In *Dyess*, the State asserted that WIS. STAT. § 903.03(3) referred "only to the 'existence of a presumed *fact*.'" *Id.* at 536 (emphasis added). The supreme court rejected this argument and pointed out that the language of § 903.03(1) states that the statute generally "governs presumptions 'recognized at common law.'" *Id.* The supreme court further pointed to the Judicial Council's notes to § 903.03, 59 Wis. 2d R57 (1973), which support the notion that the "restrictions in the rule apply to all presumptions sought to be used in criminal cases." *Id.* at 537. The court observed that no exceptions have been made to the rule because "the matter to be presumed is legal rather than factual in nature." *Id.*

¶ 20. The State asserts that the *Dyess* court's holding that WIS. STAT. § 903.03 applies to all evidentiary presumptions, whether factual or legal, does not affect "the fundamental principle that it is the duty of the trial court to instruct the jury on the law that the jury must apply and the jury has no right to disregard

the law." This assertion, however, rests on the State's primary argument that the challenged language in the instruction was a correct statement of the law, an argument that we reject. The State offers no other reason to ignore the court's holding in *Dyess* on this topic.

¶ 21. Finally, we disagree with the State's assertion that the jury instruction left the jury free to reach its own finding as to Jensen's intent upon a finding that Jensen used state resources for campaign purposes. The court's jury instruction only required that the jury find that Jensen used state resources "to promote a candidate in a political campaign or to raise money for a candidate" for it to find that Jensen exercised his discretionary power with intent to obtain a dishonest advantage for himself or another. Stated differently, this instruction directs the jury that it must find that Jensen exercised his discretionary authority with the purpose to obtain a dishonest advantage (the elemental fact) if the State proves that Jensen used state resources for political campaign purposes (the predicate fact). This instruction relieves the State of its burden of proving beyond a reasonable doubt that Jensen exercised his discretionary power with the intent of obtaining a dishonest advantage for himself or another, requiring only that the State prove one of the elements under Wis. Stat. § 946.12(3) to establish another. *See Tronca*, 84 Wis. 2d at 82–83. Thus, the jury instruction contained a mandatory conclusive presumption.

¶ 22. Having concluded that the disputed language constitutes a mandatory conclusive presumption, the next question is whether the trial court complied with the requirement of Wis. Stat. § 903.03(3) to include limiting language in the instruction directing the

jury that it "may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so." The State does not respond to Jensen's argument that the jury instruction violated § 903.03(3) because it did not contain the obligatory limiting language. Our review of the instruction reveals that the court did not include this language. Because it did not do so, we conclude that the jury instruction violates § 903.03(3).

■

¶ 23. Our inquiry does not stop here, however. We are required to consider whether the court's error was harmless. *See Dyess*, 124 Wis. 2d at 540; *see also State v. Harvey*, 2002 WI 93, ¶ 47 n.12, 254 Wis. 2d 442, 647 N.W.2d 189. In Wisconsin, "[a] constitutional or other error is harmless if it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.' " *Harvey*, 254 Wis. 2d 442, ¶ 49 (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

■

¶ 24. Jensen argues that the jury instruction affected his substantial rights to a trial by a jury and therefore the court's error was not harmless. The State does not fully develop a responsive argument. Essentially, the State asserts, without further elaboration, that the error does not relate to an element of the offense and that a jury would have still convicted Jensen had the proper instruction been given. Regardless, we are compelled to consider whether the error was harmless. *See id.*, ¶¶ 35, 49. Having considered the question, we conclude that the statutory instructional error was not harmless beyond a reasonable doubt.

¶ 25. At trial, most of the facts were undisputed. Both the State and Jensen agree that the core issue in this case was whether Jensen intended to obtain a

dishonest advantage by hiring, directing and supervising state employees to campaign for himself and others on state time using state resources. Jensen essentially admitted that he hired state employees who in turn used state resources to advance the political campaigns of numerous Republican candidates as well as his own. In Jensen's view, however, this was consistent with his duty as the leader of the Assembly Republicans. He also disavowed that he intended to obtain a dishonest advantage for himself or anyone else, because the Assembly Democrats were engaging in the same conduct.

¶ 26. As we have explained, the trial court error consisted of an instruction that the jury must accept as true the elemental fact that Jensen obtained a dishonest disadvantage if the jury found that Jensen used state resources to promote a candidate or to raise money for political campaign purposes. And, as we concluded, this operated as a mandatory conclusive presumption in violation of Wis. Stat. § 903.03(3) because the court did not instruct the jury that it may, but need not, accept the elemental fact as true. Thus, the instruction required the jury to find the intent element was met upon finding that Jensen violated his official duties. We conclude that Jensen's substantial rights were affected because the instruction operated to relieve the State of its burden of proving beyond a reasonable doubt that Jensen acted with the intent to obtain a dishonest advantage for himself or another. As the supreme court explained in *Dyess*, 124 Wis. 2d at 548:

> It is apparent that a reviewing court cannot say that the loss of a jury right on a crucial issue guaranteed by the rules is of so little consequence as to be insubstantial. Sec. 903.03(3) guarantees to criminal defendants that all presumptions used will have a permissive effect only—that only the jury can find the

> presumed fact upon the inferences from basic facts
> which themselves must be proved to the jury beyond a
> reasonable doubt. This court cannot ignore its own
> rules and conclude that the deprivation of a substantial
> procedural and statutory right caused by faulty jury
> instructions did not, to a degree of reasonable possibil-
> ity, contribute to the verdict of guilty.

In other words, it is beyond a reasonable doubt that the error contributed to Jensen's conviction. *See Harvey*, 254 Wis. 2d 442, ¶ 47.

¶ 27. One final point. Jensen argues that the trial court should have modified WIS JI—CRIMINAL 1732 to say that "[t]o act with the intent to obtain a dishonest advantage is to act 'corruptly.' " Jensen takes the term "corruptly" from *Tronca*. In *Tronca*, 84 Wis. 2d at 76, the supreme court considered the notes of the Judiciary Committee on the Criminal Code accompanying the legislation creating WIS. STAT. § 946.12(3) in 1953, which contained a comment using the term "corruptly" synonymously with the phrase "with intent to obtain a dishonest advantage for himself or another." Jensen asserts that "in *Tronca* the Wisconsin Supreme Court explicitly stated that a defendant is guilty of miscon-duct under the statute *only* if he is found to have acted 'with intent to obtain a dishonest advantage for himself or another, *that is, corruptly.*' " (Emphasis added.) Jensen misconstrues the supreme court's use of "cor-ruptly" and misrepresents how the court used that term as well as its holding in that case.

¶ 28. First, nowhere do we find the supreme court saying in *Tronca* that a defendant is guilty of misconduct in office "only" if he is found to have acted "corruptly." In addition, to the extent the supreme court used the term "corruptly," the term was appropriately used there be-

590

cause the defendant was alleged to have taken bribes for insuring the grant of liquor licenses to applicants. Taking bribes is indeed to act corruptly. Here, Jensen is not alleged to have acted "corruptly"; he is charged with exercising his discretion as a legislative leader by using state funds to pay employees to advance political campaigns in order to obtain a dishonest advantage. Corruption is not the issue in this case, whereas it was at the center of the prosecution in *Tronca*. Moreover, the term "corruptly" does not appear anywhere in Wis. Stat. § 946.12(3). Indeed, "corruptly" is not used in Wis JI— Criminal 1732, nor is it found in any case other than *Tronca* involving a charge that § 946.12(3) was violated.

¶ 29. Jensen also quotes the supreme court in *State v. Alfonsi* as saying that the trial court's failure to instruct the jury "that the accused had engaged in this transaction with a guilty mind . . . . constituted prejudicial error and necessitate[d] a new trial." *State v. Alfonsi*, 33 Wis. 2d 469, 478, 147 N.W.2d 550 (1967). *Alfonsi* does not apply to the present case. Alfonsi, then the assembly minority floor leader, was charged with bribery of public officers and employees in violation of Wis. Stat. § 946.10 (1965). The issue the court considered (giving rise to the quote used by Jensen here) was whether the bribery statute required specific intent or *mens rea* as an element of the offense. *Id.* at 474. That is not an issue presented in this case. Moreover, *Alfonsi* involved a different statute and a different jury instruction. *Alfonsi* simply does not apply in this case. We are not persuaded that the court's failure to include the term "corruptly" in the instruction on the elements of § 946.12(3) was error.

*2. Right to Present a Complete Defense*

¶ 30. Jensen next argues that the trial court prevented him from presenting a complete defense by

barring him and other witnesses from testifying as to Jensen's intent to obtain a dishonest advantage. Specifically, Jensen sought to introduce at trial testimony from past assembly leaders regarding long-standing practices in the assembly of using state employees, particularly caucus staff, for political campaign purposes by both Republicans and Democrats. He also sought to testify as to his knowledge of campaign practices among Democratic legislators. Jensen argued that this evidence was relevant to establish that, by engaging in these activities, he did not intend to obtain a dishonest advantage. In Jensen's view, he was simply doing what the Democrats were doing and trying to "maintain a level playing field."

¶ 31. The State argued that the evidence of Jensen's frame of mind in using state resources was irrelevant. It argued that, as reflected in its proposed jury instruction, Jensen's use of state resources for campaign purposes was, as a matter of law, to obtain a dishonest advantage. Thus, the argument goes, any relevant intent evidence would be limited to whether Jensen intended to use state resources in violation of a duty. At the motions hearing, the parties and the court agreed that the court's resolution of the contested jury instruction was intertwined with the dispute over admission of Jensen's proffered intent evidence.

¶ 32. The trial court agreed with the State that *Jensen I* held that a public officer's use of state resources to promote a political campaign was a violation of the officer's duty with the intent to obtain a dishonest advantage. Thus, the court adopted the State's proposed jury instruction. It did not, however, make an express ruling as to the State's motion in limine. The subsequent proceedings made clear that the court and

the parties understood the court's ruling on the jury instructions to preclude evidence of Jensen's intent to obtain a dishonest advantage. We conclude that the trial court properly exercised its discretion in excluding the testimony of Jensen's proffered witnesses as to campaign practices among Democratic and Republican legislators, but that the record is insufficient to establish whether it properly exercised its discretion in excluding Jensen's own testimony on that same topic.

■■■■

¶ 33. "One of the essential ingredients of due process in a criminal trial is the right to a fair opportunity to defend against the State's accusations. A corollary to this principle is the right to present relevant and competent evidence." *State v. Johnson*, 118 Wis. 2d 472, 479, 348 N.W.2d 196 (1984) (citations omitted). The right to present a defense "includes the right to offer the testimony of witnesses." *Brown County v. Shannon R.*, 2005 WI 160, ¶ 65, 286 Wis. 2d 278, 706 N.W.2d 269. Additionally, the fundamental right to testify on one's behalf cannot be doubted. *Rock v. Arkansas*, 483 U.S. 44, 49 (1987). The right to take the stand and testify on one's behalf is secured by the Due Process Clause of the Fourteenth Amendment, the Compulsory Process Clause of the Sixth Amendment, and the Fifth Amendment's guarantee against compelled testimony. *Id.* at 51–53; *see also State v. Wilson*, 179 Wis. 2d 660, 670, 508 N.W.2d 44 (Ct. App. 1993), *overruled on other grounds by State v. Weed*, 2003 WI 85, 263 Wis. 2d 434, 666 N.W.2d 485. However, the right to present a defense is "subject to reasonable restrictions." *State v. Shomberg*, 2006 WI 9, ¶ 35, 288 Wis. 2d 1, 709 N.W.2d 370 (citations omitted). Even relevant evidence may be excluded without denying a defendant's constitutional rights based on other rules of

evidence, such as when the evidence's probative value is substantially outweighed by its prejudicial effect. *See St. George*, 252 Wis. 2d 499, ¶ 15. Moreover, "a defendant has no right, constitutional or otherwise, to present irrelevant evidence." *State v. Robinson*, 146 Wis. 2d 315, 332, 431 N.W.2d 165 (1988).

¶ 34. In exercising its discretion whether to admit or exclude a defendant's proffered evidence, a trial court must apply two legal principles: first, it must adhere to evidentiary rules; second, if the defendant asserts that exclusion of the evidence implicates his or her right to present a defense, the court must consider constitutional law principles. *St. George*, 252 Wis. 2d 499, ¶ 38. Because the trial court did not make an explicit ruling on the State's motion in limine, and the objections and rulings at trial do not shed any light on the court's reasoning, we do not know why the court excluded the testimony. That is, we do not know if the court found that the evidence was irrelevant based on its adoption of the State's jury instruction, or that it was relevant but excluded for some other reason. However, the trial court's failure to explain its reasoning does not mandate reversal; we will search the record for reasons to support the court's decision. *See Randall v. Randall*, 2000 WI App 98, ¶ 7, 235 Wis. 2d 1, 612 N.W.2d 737. Based on our review of the record, we conclude that the proffered testimony of Jensen's defense witnesses was not relevant to whether Jensen intended to gain a dishonest advantage, and thus the trial court did not erroneously exercise its discretion in excluding it. However, we also conclude that Jensen's own testimony as to his understanding of campaign practices among Democratic and Republican legislators was not irrelevant as a matter of law.

¶ 35. We have explained that the court's ruling on the jury instruction was erroneous, and that the issue of Jensen's intent to obtain a dishonest advantage should have been left for the jury to decide. *See Tronca,* 84 Wis. 2d at 82–83 (violation of official duty and intent to obtain a dishonest advantage are separate elements under Wis. Stat. § 946.12(3), each of which must be proven at trial). Thus, evidence having any tendency to establish that Jensen acted without the intent to obtain a dishonest advantage would be relevant to Jensen's defense, and therefore admissible. *See* Wis. Stat. §§ 904.01, 904.02 (evidence having any tendency to make a fact of consequence to determination of action more or less probable is generally admissible).

¶ 36. We agree with the State that the testimony of Jensen's defense witnesses as to the practices of both Democrats and Republicans in the legislature of using state resources for campaign purposes is not relevant to show whether Jensen intended to obtain a dishonest advantage by doing the same. Whether or not Jensen's opponents were known by others to use state resources for campaign purposes is not relevant as to whether Jensen intended to obtain a dishonest advantage by doing so. That is, the question is not whether others were actually engaged in use of state resources for campaign purposes or whether Jensen had a legitimate belief that they were doing so. The question is, when Jensen used state resources for campaign purposes, what was his intent? The beliefs of others are not relevant to this inquiry.

¶ 37. However, Jensen's beliefs *are* relevant to this inquiry. The State's arguments to the contrary rest on its assertion that Jensen's intent to obtain a dishonest advantage was not at issue, based on *Jensen I.* We have explained that we disagree with this reading of

*Jensen I.* We see no other reason why Jensen should not have been given the opportunity to explain his reasoning in acting as he did, to rebut the State's accusation that he acted with the intent to obtain a dishonest advantage. Thus, while we conclude that the testimony of Jensen's defense witnesses was properly excluded as irrelevant, we do not reach the same conclusion as to Jensen's own testimony on the same issue.

¶ 38. Having determined that Jensen's testimony as to his beliefs of the practices of others was relevant to the issue of his intent and therefore admissible, we are unable to determine from the record whether the trial court properly exercised its discretion in excluding that testimony. *See Rock*, 483 U.S. at 55–56 (recognizing a court's right to impose restrictions on a defendant's right to testify even to relevant evidence). The court gave no reasoning as to why the evidence was excluded, or how and to what degree Jensen's constitutional rights came into play. We will not exercise the trial court's discretion in its place. *See Milwaukee Medical Women's Servs., Inc. v. Scheidler*, 228 Wis. 2d 514, 528 n.5, 598 N.W.2d 588 (Ct. App. 1999). On remand, the trial court should explicitly state its reasoning as to whether or not to allow the testimony, after carefully balancing the constitutional elements implicated by a defendant's right to testify in his or her own defense. *See Rock*, 483 U.S. at 55–56.

### Conclusion

¶ 39. In sum, we conclude that the trial court's jury instruction on Misconduct in Public Office was erroneous. Because the instruction directed the jury that a legislator's use of state resources for campaign purposes established that the legislator obtained a dishonest advantage, it constituted a mandatory con-

clusive presumption. The court's failure to provide a limiting instruction under Wɪs. Sᴛᴀᴛ. § 903.03(3) was therefore reversible error.

¶ 40. We also conclude that the court erred in excluding Jensen's testimony as to his understanding of the use of state resources for campaigns by other legislators, because that testimony was relevant to the contested issue of Jensen's intent. However, we conclude that the court properly exercised its discretion in excluding the portions of Jensen's defense witnesses' testimony as to those practices, because their beliefs were not relevant to Jensen's intent. Accordingly, we affirm in part and reverse in part and remand for a new trial.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.