STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott R. JENSEN, Defendant-Appellant.†

Court of Appeals

*No. 2008AP552–CR. Submitted on briefs October 24, 2008.
—Decided January 15, 2009.*

2009 WI App 26

(Also reported in 762 N.W.2d 833.)

† Petition to review granted 6/16/09.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert H. Friebert* and *Matthew W. O'Neill* of *Friebert, Finerty & St. John, S.C.*, Milwaukee, and *R. Ryan Stoll* of *Skadden, Arps, Slate, Meagher & Flom, LLP*, Chicago, Illinois.

Before Higginbotham, P.J., Dykman and Anderson, JJ.

¶ 1. DYKMAN, J. Scott Jensen appeals from an order denying his motion to transfer his criminal trial to the circuit court for Waukesha County under newly created Wis. Stat. § 971.19(12) (2007–08).[1] Jensen argues that the trial court erred in concluding that this new venue statute does not apply to his case. We agree with the trial court, and accordingly affirm.

## Background

¶ 2. The following facts are undisputed. In October 2002, the State charged Jensen with misconduct in public office for using state resources for political campaign purposes in violation of Wis. Stat. § 946.12(3).[2] Jensen moved to dismiss the charges against him,

---

[1] Wisconsin Stat. § 971.19(12) provides:

> Except as provided in s. 971.223, in an action for a violation of chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19, or for a violation of any other law arising from or in relation to the official functions of the subject of the investigation or any matter that involves elections, ethics, or lobbying regulation under subch. 5 to 12 [chs. 5 to 12], subch. III of ch. 13, or subch. III of ch. 19 a defendant who is a resident of this state shall be tried in circuit court for the county where the defendant resides. For purposes of this subsection, a person other than a natural person resides within a county if the person's principal place of operation is located within that county.

All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] Wisconsin Stat. § 946.12(3) provides that any public officer or employee who does the following has committed a felony:

arguing that the misconduct in public office charge was unconstitutionally vague because the statute does not define Jensen's duties as a public officer. In an interlocutory appeal, we affirmed the order denying Jensen's motion, explaining that the duties Jensen had been charged with violating in his capacity as a public officer were found in various places, including in the elections and ethics statutes under Wis. Stat. chs. 11, 12 and 19. *State v. Jensen*, 2004 WI App 89, ¶¶ 1–2, 10, 29, 272 Wis. 2d 707, 681 N.W.2d 230.

¶ 3.    Following a jury trial, Jensen was convicted of misconduct in public office. Jensen appealed from his conviction and we reversed and remanded for a new trial based on the trial court's issuing an erroneous jury instruction and wrongfully excluding part of Jensen's testimony. *State v. Jensen*, 2007 WI App 256, ¶ 1, 306 Wis. 2d 572, 743 N.W.2d 468.

¶ 4.    In February 2007, while Jensen's appeal was pending, the Wisconsin legislature enacted 2007 S.B. 1 (January 2007 Special Session), to create the Government Accountability Board (GAB) and set out its responsibility for administering laws related to elections and campaigns. It also created Wis. Stat. § 971.19(12), which provides that defendants charged with certain election and campaign violations are to be tried in the county where the defendant resides. Based on the newly created venue statute, Jensen moved the court to

---

Whether by act of commission, or omission, in the officer's or employee's capacity as such officer or employee exercises a discretionary power in a manner inconsistent with the duties of the officer's or employee's office or employment or the rights of others and with intent to obtain a dishonest advantage for the officer or employee or another.

Other charges against Jensen are not pertinent to this appeal.

transfer his case from Dane County, where the misconduct is alleged to have occurred, to Waukesha County, his place of residence. The court denied the motion, concluding that § 971.19(12) does not apply to the charges pending against Jensen. Jensen appeals.

*Standard of Review*

¶ 5.   This case requires that we interpret and apply WIS. STAT. § 971.19(12) to undisputed facts. We interpret and apply statutes de novo. *See Ashford v. DHA*, 177 Wis. 2d 34, 39–40, 501 N.W.2d 824 (Ct. App. 1993).

*Discussion*

¶ 6.   Jensen argues that the facts of this case fall squarely under the plain language of WIS. STAT. § 971.19(12), and thus the proper venue for his trial is in Waukesha County.[3] The State responds that § 971.19(12) does not apply to Jensen's case, and thus venue remains properly in Dane County.[4] We agree with the State.

---

[3] Jensen also argues that the trial court erred in holding that the criminal offenses listed in WIS. STAT. § 971.19(12) may only be prosecuted upon referral by the GAB. There are two problems with this argument. First, we interpret statutes de novo, and thus need not consider the trial court's analysis. *See Ashford v. DHA*, 177 Wis. 2d 34, 39–40, 501 N.W.2d 824 (Ct. App. 1993). Further, even if we agree that the listed criminal offenses do not require GAB referral for prosecution (which the parties agree was an erroneous holding by the trial court), that does not resolve the issue presented for our review: whether § 971.19(12) properly places venue for Jensen's retrial in Waukesha County.

[4] In its response brief, the State argues that WIS. STAT. § 971.19(12) is unconstitutional. However, the State subsequently withdrew this argument. We therefore do not address it.

¶ 7.    The parties agree that the proper venue for Jensen's retrial is controlled by whether WIS. STAT. § 971.19(12) applies to the facts of this case, and both assert that the meaning of the statute is plain.[5] We agree that we begin statutory construction with the plain language of the statute, and that the language of § 971.19(12) is unambiguous. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶¶ 45–46, 271 Wis. 2d 633, 681 N.W.2d 110. Because we conclude that the statute's meaning is plain, we do not go beyond the statute to examine extrinsic sources. *See id.* We interpret § 971.19(12) "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *See id.*, ¶ 46. We turn, then, to the language of § 971.19(12).

¶ 8.    WISCONSIN STAT. § 971.19(12) provides three categories of actions establishing proper venue in the defendant's resident county:    (1) for a violation of chs.

Additionally, Jensen claims in a footnote in his brief-in-chief that the trial court's interpretation of WIS. STAT. § 971.19(12) means that two defendants charged with the same crime, one investigated by the GAB and one investigated by the district attorney, would be subject to different venue rights, and thus raises constitutional error. Jensen does not develop this argument, and we therefore decline to address it. *See State v. Pettit*, 171 Wis. 2d 627, 646–47, 492 N.W.2d 633 (Ct. App. 1992).

[5] In *State Public Defender v. Circuit Court*, 184 Wis. 2d 860, 867, 517 N.W.2d 144 (1994), the court concluded that because both parties to the appeal claimed that a plain reading of two statutes supported their respective positions, the statutes were therefore ambiguous. We need not consider this rationale because whether or not WIS. STAT. § 971.19(12) is ambiguous, we agree with the State's interpretation.

5 to 12, subch. III of ch. 13, or subch. III of ch. 19; (2) for a violation of any other law arising from or in relation to the official functions of the subject of the investigation; and (3) any matter that involves elections, ethics, or lobbying regulation under subch. 5 to 12 [chs. 5 to 12], subch. III of ch. 13, or subch. III of ch. 19. The parties agree that the first category is inapplicable to Jensens case. They dispute the application of the second and third categories.

■

¶ 9. The second category applies to actions for a violation of any other law arising from or in relation to the official functions of the subject of the investigation. The parties agree that Jensen has been charged with violating a law arising from his official functions, but disagree over whether he is the subject of the investigation. Jensen contends that the investigation is not limited to GAB investigations, but rather must mean *any* investigation, because there is no limiting language in the statute. He asserts that to interpret the investigation to mean only investigations authorized by the GAB improperly inserts GAB into the statute, to make it read the *GAB* investigation. We disagree, and conclude that the investigation in WIS. STAT. § 971.19(12), read in context with closely related statutes, plainly means a GAB authorized investigation.

¶ 10. The phrase "or for a violation of any other law arising from or in relation to the official functions of the subject of the investigation" follows the first category, for violations of WIS. STAT. chs. 5 to 12, subchapter III of ch. 13, or subchapter III of ch. 19. Thus, we turn to WIS. STAT. ch. 5 as a closely related statute. Subsection 5.05(2m), also created in 2007 S.B. 1 (January 2007 Special Session), provides in paragraph (a): "The board shall investigate violations of laws

administered by the board and may prosecute alleged civil violations of those laws, directly or through its agents under this subsection, pursuant to all statutes granting or assigning that authority or responsibility to the board." Subdivision (c)14. states:

> If a special investigator or the administrator of the ethics and accountability division of the board, in the course of an investigation authorized by the board, discovers evidence of a potential violation of a law that is not administered by the board arising from or in relation to the official functions of the subject of the investigation or any matter that involves elections, ethics, or lobbying regulation, the special investigator or the administrator may present that evidence to the board.

Thus, the term "the subject of the investigation" is used in closely related ch. 5, which makes clear that "the subject of the investigation" is the subject of an investigation authorized by the GAB. We conclude that Jensen's reading of "the subject of the investigation" to mean the subject of *any* investigation is unreasonable when WIS. STAT. § 971.19(12) is read together with closely related statutes. Because Jensen was not the subject of a GAB investigation, category two does not apply.

¶ 11. Next, the final category under WIS. STAT. § 971.19(12) is for "any matter that involves elections, ethics, or lobbying regulation under subch. 5 to 12 [chs. 5 to 12], subch. III of ch. 13, or subch. III of ch. 19." Jensen argues that this case falls under the last category because he was charged with misconduct in public office under WIS. STAT. § 946.12(3) for violating his duties under the elections and ethics statutes. Thus, Jensen asserts, this is a matter involving elections and ethics under § 971.19(12). We disagree.

384

¶ 12. The third category under WIS. STAT. § 971.19(12) plainly states that it applies to matters involving elections, ethics, or lobbying regulation under chapters 5 to 12, subchapter III of chapter 13, or subchapter III of chapter 19. Jensen was charged with misconduct in public office under WIS. STAT. § 946.12(3). While the elections and ethics chapters provide one source of Jensen's overall duties as a public officer, and violation of those duties formed the basis for one element of the misconduct in public office charge, we do not agree that misconduct in public office under § 946.12(3) is therefore a "matter that involves elections, ethics, or lobbying regulation under subch. 5 to 12 [chs. 5 to 12], subch. III of ch. 13, or subch. III of ch. 19." Rather, § 946.12(3) is a criminal statute found under an entirely separate chapter. If the legislature had intended to include misconduct in public office charges within the final category of § 971.19(12), it could have easily done so by including that statute in the enumerated statutes. We conclude that the plain language of § 971.19(12) excludes this case from its coverage, and therefore affirm.

*By the Court.*—Order affirmed.