STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott R. JENSEN, Steven M. Foti, and Sherry L. Schultz, Defendants-Appellants-Petitioners.

Supreme Court

*No. 03–0106–CR. Oral argument January 6, 2005.—Decided March 23, 2005.*

2005 WI 31

(Also reported in 694 N.W.2d 56.)

For the defendants-appellants-petitioners there were briefs by *Stephen J. Meyer* and *Meyer Law Office,* Madison (on behalf of Scott R. Jensen); *Stephen L. Morgan* and *Murphy Desmond, SC,* Madison (on behalf

of Sherry L. Schultz); and *Franklyn M. Gimbel, Kathryn A. Keppel* and *Gimbel, Reilly Guerin & Brown,* Milwaukee (on behalf of Steven M. Foti), and oral argument by *Franklyn M. Gimbel* (on behalf of Steven M. Foti), *Stephen J. Meyer* (on behalf of Scott R. Jensen), and *Stephen L. Morgan* (on behalf of Sherry L. Schultz).

For the plaintiff-respondent the cause was argued by *Barbara L. Oswald,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. PER CURIAM. The court is unanimous in determining that the charges against the petitioners do not violate the doctrine of separation of powers. Further, the court is unanimous in determining that Wis. Stat. § 946.12(3) (2001–02), the statute that the petitioners have been charged with violating, does not here circumscribe legitimate legislative activity and, therefore, is not overbroad. The court is also unanimous in determining that the issues presented are justiciable, in that the political question doctrine does not interfere with the court deciding these matters.

¶ 2. The court is also unanimous in holding that the petitioners have standing to raise the issues related to Due Process, Fair Notice, and the vagueness of Wis. Stat. § 946.12(3) as applied, but the court is equally divided as to whether the petitioners have met the burden of establishing that the charges here violate those principles. Chief Justice Shirley S. Abrahamson and Justice Ann Walsh Bradley would affirm the court of appeals on those issues, and Justice N. Patrick Crooks and Justice Patience D. Roggensack would reverse on those issues.

¶ 3. Accordingly, the decision of the court of appeals is affirmed.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 4. Justices JON P. WILCOX, DAVID T. PROSSER, JR., and LOUIS B. BUTLER, JR. did not participate.