STATE of Wisconsin,
Plaintiff-Respondent,

v.

Scott R. JENSEN,
Defendant-Appellant-Petitioner.

Supreme Court

*No. 2008AP552–CR. Oral argument November 10, 2009.
—Decided May 20, 2010.*

2010 WI 38

(Also reported in 782 N.W.2d 415.)

For the defendant-appellant-petitioner there were briefs by *Robert H. Friebert, Matthew W. O'Neill,* and *Friebert, Finerty & St. John, S.C.,* Milwaukee, and *R. Ryan Stoll* and *Skadden, Arps, Slate, Meagher & Flom, LLP,* Chicago, Ill., and oral argument by *Robert H. Friebert.*

For the plaintiff respondent the cause was argued by *Brian W. Blanchard,* district attorney, with whom on the brief was *J.B. Van Hollen,* attorney general.

¶ 1. PATIENCE DRAKE ROGGENSACK, J. We review a decision of the court of appeals[1] affirming the circuit court's decision[2] denying Scott R. Jensen's (Jensen) motion to change the venue of his criminal trial to Waukesha County Circuit Court pursuant to Wis. Stat. § 971.19(12) (2007–08).[3] The issue presented is whether Waukesha County Circuit Court is the proper venue for Jensen's trial because it is the "circuit

---

[1] *State v. Jensen,* 2009 WI App 26, 316 Wis. 2d 377, 762 N.W.2d 833.

[2] The Honorable David T. Flanagan, III of Dane County presided.

[3] All subsequent references to the Wisconsin Statutes are to the 2007–08 version unless otherwise indicated.

court for the county where the defendant resides" pursuant to § 971.19(12), or whether Dane County Circuit Court, the circuit court for the county "where the crime was committed," is the proper venue for his trial pursuant to § 971.19(1).

¶ 2. We conclude that Wis. Stat. § 971.19(12) establishes Waukesha County Circuit Court as the proper venue for Jensen's trial because the State's allegations against Jensen come within two categories of actions described in § 971.19(12). First, the State alleged that Jensen violated a law arising from or in relation "to the official functions of the subject of the investigation." Second, the State alleged that Jensen violated a law "arising from or in relation to . . . any matter that involves elections . . . under chs. 5 to 12." Accordingly, we reverse the court of appeals decision affirming the circuit court's denial of Jensen's motion to change the venue of his trial to Waukesha County Circuit Court. Waukesha County Circuit Court is the proper venue for the action that the State has brought against Jensen.

## I. BACKGROUND

¶ 3. On October 18, 2002, the State filed a complaint in Dane County Circuit Court charging Jensen with three counts of felony misconduct in public office as party to the crime, contrary to Wis. Stat. § 946.12(3)[4] and one misdemeanor count of intentional misuse of

---

[4] Wisconsin Stat. § 946.12(3) states:

Any public officer or public employee who does any of the following is guilty of a Class I felony:

. . .

(3) Whether by act of commission or omission, in the officer's or employee's capacity as such officer or employee exercises a discretionary power in a manner inconsistent with the duties of

public positions for private benefit as party to the crime, contrary to Wis. Stat. § 19.45(2). The complaint alleged that the acts relating to Jensen's alleged violations occurred in Dane County.

¶ 4. Jensen moved to dismiss the complaint on various grounds. The circuit court denied his motion to dismiss, and in an interlocutory appeal, the court of appeals affirmed. *State v. Jensen (Jensen I)*, 2004 WI App 89, ¶¶ 1–2, 272 Wis. 2d 707, 681 N.W.2d 230. While the decision of the court of appeals was ultimately affirmed, we note that only four justices participated in the decision and there was no majority on all issues that the court of appeals decided; therefore, parts of the court of appeals decision were affirmed due to the equal split among the justices. *See State v. Jensen (Jensen II)*, 2005 WI 31, ¶ 2, 279 Wis. 2d 220, 694 N.W.2d 56 (per curiam).

¶ 5. Following a jury trial, Jensen was found guilty on all four counts. Jensen appealed each of the three felony convictions. The court of appeals concluded that the circuit court erred in instructing the jury and in excluding portions of Jensen's own testimony. *State v. Jensen (Jensen III)*, 2007 WI App 256, ¶ 1, 306 Wis. 2d 572, 743 N.W.2d 468. Accordingly, it remanded for a new trial. *Id.*

¶ 6. In February 2007, while Jensen's second appeal was pending, the legislature enacted Wis. Stat. § 971.19(12), which provides that defendants charged with certain violations of, and violations arising from or in relation to, the elections, ethics, and lobbying regulation laws are to be tried in the county where the defendant resides. *See* 2007 Wis. Act 1, § 205. On

the officer's or employee's office or employment or the rights of others and with intent to obtain a dishonest advantage for the officer or employee or another.

591

January 10, 2008, 2007 Wis. Act 1 went into effect. On that date, pursuant to § 971.19(12), Jensen moved the court to transfer his case from Dane County Circuit Court, where the misconduct is alleged to have occurred, to Waukesha County Circuit Court, where Jensen resides. The circuit court denied Jensen's motion, concluding that § 971.19(12) is clear and unambiguous and that it does not apply to the charges pending against Jensen. The court of appeals affirmed the circuit court's decision denying Jensen's motion.

¶ 7. We granted review and now reverse.

## II. DISCUSSION

### A. Standard of Review

■

¶ 8. To resolve the question presented, we must interpret and apply Wis. Stat. § 971.19(12). " 'The interpretation and application of a statute to an undisputed set of facts are questions of law that we review independently.' " *Estate of Genrich v. OHIC Ins. Co.,* 2009 WI 67, ¶ 10, 318 Wis. 2d 553, 769 N.W.2d 481 (quoting *McNeil v. Hansen,* 2007 WI 56, ¶ 7, 300 Wis. 2d 358, 731 N.W.2d 273).

### B. Parties' Positions

¶ 9. The parties offer competing interpretations of Wis. Stat. § 971.19(12).[5] The State contends that § 971.19(12) does not apply to the charges pending

---

[5] Wisconsin Stat. § 971.19(12) states:

Except as provided in s. 971.223, in an action for a violation of chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19, or for a violation of any other law arising from or in relation to the official functions of the subject of the investigation or any matter that

against Jensen; therefore, he must be retried in Dane County Circuit Court. Jensen contends that § 971.19(12) does apply to the charges pending against him, and pursuant to his change of venue motion, requires he be retried in Waukesha County Circuit Court. Before examining the language of the statute, it is instructive to examine each party's argument in detail.

### 1. State's position

¶ 10. Wisconsin Stat. § 971.19(12) applies to "violation[s] of any other law arising from or in relation to the official functions of the subject of the investigation." The State argues that "the investigation" must be a Government Accountability Board investigation. Because Jensen has never been the subject of an investigation conducted by the Government Accountability Board, the State contends that this portion of the statute does not apply to him.

¶ 11. The last portion of Wis. Stat. § 971.19(12) applies to violations of any other law arising from or in relation to "any matter that involves elections, ethics, or lobbying regulation." The State contends that "regulation" modifies "elections," "ethics," and "lobbying." Pointing to the Government Accountability Board's ability to promulgate administrative regulations interpreting or implementing the laws regulating the conduct and administration of elections under Wis. Stat. § 5.05(1)(f), the State argues that this portion of § 971.19(12) applies

---

involves elections, ethics, or lobbying regulation under subch. 5 to 12 [chs. 5 to 12], subch. III of ch. 13, or subch. III of ch. 19 a defendant who is a resident of this state shall be tried in circuit court for the county where the defendant resides. For purposes of this subsection, a person other than a natural person resides within a county if the person's principal place of operation is located within that county.

only to violations arising from or in relation to administrative regulations promulgated by the Government Accountability Board. Because Jensen was not charged with a violation of any such regulation, the State contends that this portion of the statute does not apply to him.

### 2. Jensen's position

¶ 12. Jensen contends that the phrase "the subject of the investigation" should not be construed to mean "the subject of the [Government Accountability Board] investigation." Instead, Jensen contends that this phrase applies to investigations by the Government Accountability Board, the former Elections Board,[6] the former Ethics Board, or those undertaken independently by district attorneys. Jensen was the subject of an investigation by the former Elections Board and by the district attorney. Accordingly, because Jensen's pending charges allege a violation of a law "arising from or in relation to" his "official functions" and he was "the subject of the investigation," Wis. Stat. § 971.19(12) requires him to be tried in Waukesha County Circuit Court.

¶ 13. Jensen further contends that the term "regulation" in the phrase "any matter that involves elections, ethics, or lobbying regulation" does not refer to administrative rule-making. Instead, the term "lob-

---

[6] The Elections Board is the Government Accountability Board's predecessor. *Compare* Wis. Stat. § 5.02(1s) (2005–06) (" 'Board' means the elections board.") *with* § 5.02(1s) (2007–08) (" 'Board' means the government accountability board."). Also *compare* Wis. Stat. § 5.05 (2005–06) (entitled "Elections board; powers and duties") *with* § 5.05 (2007–08) (entitled "Government accountability board; powers and duties").

bying regulation" is a term of art referring to subch. III of ch. 13, which subchapter is entitled the "Regulation of Lobbying." Jensen argues that the allegations against him fall squarely within the statute because he was charged with the violation of "any other law arising from or in relation to" any matter involving "elections . . . under chs. 5 to 12."

C. General Principles of Statutory Interpretation

¶ 14. Statutory interpretation begins with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the words in the statute is plain, the analysis goes no further. *Id.* Statutes must be interpreted reasonably, to avoid absurd or unreasonable results. *Id.*, ¶ 46. And, where possible, an interpretation must give effect to every word in the statute to avoid surplusage. *Id.*

¶ 15. Context and purpose are important in discerning the plain meaning of a statute. *Id.*, ¶ 48. As such, statutory language is interpreted in the context in which it is used in relation to the surrounding and closely-related statutes. *Id.*, ¶ 46. "Some statutes contain explicit statements of legislative purpose . . . ." *Id.*, ¶ 49. In construing a statute, we favor a construction that fulfills the purpose of the statute over one that defeats that purpose. *Cnty. of Dane v. LIRC*, 2009 WI 9, ¶ 34, 315 Wis. 2d 293, 759 N.W.2d 571. Finally, we do not resort to legislative history in interpreting a statute if the statute's meaning is plain; however, legislative history may be used "to confirm or verify a plain-meaning interpretation." *Kalal*, 271 Wis. 2d 633, ¶ 51.

## D. Wisconsin Stat. § 971.19(12)

¶ 16. Generally, a "[c]riminal action[] shall be tried in the county where the crime was committed, except as otherwise provided." Wis. Stat. § 971.19(1). In 2007 Wis. Act 1, the legislature created an exception to the general venue provision. The legislature enacted § 971.19(12), a new rule of criminal procedure, to establish venue in criminal actions involving violations of, and violations arising from or in relation to, the elections, ethics, and lobbying regulation laws. Section 971.19(12) states:

> Except as provided in s. 971.223,[7] in an action for a violation of chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19, or for a violation of any other law arising from or in relation to the official functions of the subject of the investigation or any matter that involves elections, ethics, or lobbying regulation under subch. 5 to 12 [chs. 5 to 12],[8] subch. III of ch. 13, or subch. III of ch. 19 a defendant who is a resident of this state shall be tried in circuit court for the county where the defendant resides. For purposes of this subsection, a person other than a natural person resides within a county if the person's principal place of operation is located within that county.

---

[7] Wisconsin Stat. § 971.223(1) provides that "a defendant who is a resident of this state may move to change the place of trial to the county where the offense was committed." Such a motion "shall" be granted by the circuit court. § 971.223(2). Therefore, if a defendant's alleged conduct falls within that described in Wis. Stat. § 971.19(12), it is the defendant who chooses where the trial will be held, not the district attorney.

[8] A statutory note indicates that the bracketed language is the correct cross-reference and that corrective legislative is pending. *See* Wis. Stat. § 971.19. We will refer to the statute as if it contains the correct, bracketed cross-reference.

¶ 17. In 2007 Wis. Act 1, the legislature also enacted Wis. Stat. § 801.64, which establishes the purpose of the new venue provision. Section 801.64 states in relevant part:

> The legislature finds that violations of offenses covered by 2007 Wisconsin Act 1 are violations of the public trust that should be adjudicated in the county where the offender resides so the individuals who the defendant interacts with daily, serves, or represents as a public official or candidate and whose trust was violated by the offense will judge the defendant's guilt or innocence.

Accordingly, we must interpret Wis. Stat. § 971.19(12) to promote its "textually . . . manifest statutory purpose" as set out in § 801.64. *Kalal,* 271 Wis. 2d 633, ¶ 49.

¶ 18. Wisconsin Stat. § 971.19(12) describes three categories of offenses for which venue is the county where the defendant resides. The first category applies to actions "for a violation of chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19."[9] This portion of the statute establishes that allegations that a defendant violated any matter relating to elections, ethics, or lobbying regulation are venued "in [the] circuit court for the county where the defendant resides."

¶ 19. The second portion of Wis. Stat. § 971.19(12) mandates that venue is in the county where the defendant resides "for a violation of any other law arising from or in relation to the official functions of the subject of the investigation or any matter that involves elections, eth-

---

[9] Wisconsin Stat. chs. 5 to 12 govern the elections laws. Subchapter III of ch. 13 establishes the lobbying regulation laws. Subchapter III of ch. 19 sets out the "Code of Ethics for Public Officials and Employees." For simplicity and clarity's sake, we may refer to these three categories of statutes as the elections, ethics, and lobbying regulation laws.

ics, or lobbying regulation under chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19." The statutory language creates two categories of actions to which the venue statute applies: violations arising from or in relation to public officers' "official functions" and violations arising from or in relation to "any matter that involves elections, ethics, or lobbying regulation."

¶ 20. There had been some dispute as to whether the introductory phrase, "for a violation of any other law arising from or in relation to," modifies only category two, the "official functions" category, or whether that phrase also modifies category three, which applies to "any matter that involves elections, ethics, or lobbying regulation." Before the court of appeals, it was Jensen's position that the introductory phrase modifies both category two and three. In contrast, the State contended that the introductory language modified only category two. However, the State appears to have changed its position. In its brief to this court, the State asserted:

> [T]he State also concurs with the defendant that the phrase "for a violation of any other law arising from or in relation to" appears to modify not only category two ("the official functions of the subject of the investigation") but also category three ("any matter that involves elections, ethics, or lobbying regulation under" the enumerated statutes).

¶ 21. Wisconsin Stat. § 971.19(12) establishes that venue shall be in the county where the defendant resides for certain criminal violations. We agree with the parties that the phrase "for a violation of any other law arising from or in relation to" modifies both category two, violations of the "official functions," and category three, "matter[s] that involve[ ] elections, ethics, or lobbying

regulation" under the statutes enumerated in § 971.19(12). Without the introductory language, category three does not describe a violation of law because standing alone, the phrase "any matter that involves elections, ethics, or lobbying regulation" is meaningless. To give meaning to every word in the statute, we conclude that the phrase "for a violation of any other law arising from or in relation to" modifies categories two and three. *See Kalal,* 271 Wis. 2d 633, ¶ 46.

¶ 22. The punctuation in Wis. Stat. § 971.19(12) further supports our conclusion that the introductory language modifies categories two and three. A "serial comma" is the comma used immediately before a conjunction that precedes the last item in a list of three or more items. *See* William A. Sabin, *The Gregg Reference Manual* 39 (10th ed. 2005). While the use of a serial comma is optional, we note that the legislature used a serial comma in three places in § 971.19(12). First, the venue provision applies to actions for an alleged violation of "chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19." Second, the legislature lists the same statutes a second time in § 971.19(12) also using a serial comma. Third, the legislature used a serial comma in the phrase "any matter that involves elections, ethics, or lobbying regulation."

¶ 23. As we previously noted, Wis. Stat. § 971.19(12) establishes venue for three categories of alleged violations. We note that there is no comma before "or any matter that involves elections, ethics, or lobbying regulation," the third category. To be consistent with its use of the serial comma, the legislature should have inserted a comma before "or" in this phrase in order to indicate that it is not modified by any preceding language. The absence of a serial comma bolsters the conclusion that "for a violation of any other law arising

from or in relation to" modifies both "the official functions of the subject of the investigation" *and* "any matter that involves elections, ethics, or lobbying regulation." *See* Bryan A. Garner, *The Oxford Dictionary of American Usage and Style* 70 (2000) (citing David W. Ewing, (advising that the omission of a serial comma allows the final entries to be "joined" or "read as one category") *Writing for Results in Business, Government, and the Professions* 358 (1974)). Stated otherwise, the lack of a serial comma after "for a violation of any other law" and before "or any matter that involves elections, ethics, or lobbying regulation" suggests that the former modifies the latter. Accordingly, we interpret the third category described in § 971.19(12) as establishing venue in the county where the defendant resides for an alleged violation of any other law arising from or in relation to any matter that involves elections, ethics, or lobbying regulation.

### E. Interpretation and Application of Wis. Stat. § 971.19(12)

¶ 24. As we explained, Wis. Stat. § 971.19(12) establishes that venue shall be in the county where the defendant resides in three categories of alleged violations. Both parties agree that category one is not at issue here because Jensen has no pending charges that come within the described laws.[10] The second category applies to "violation[s] of any other law arising from or in relation to the official functions of the subject of the

---

[10] While Jensen was charged with a violation of Wis. Stat. § 19.45(2), a violation of subch. III of ch. 19, Jensen did not appeal from his conviction under this statute. *State v. Jensen* (Jensen III), 2007 WI App 256, ¶ 1 n.2, 306 Wis. 2d 572, 743 N.W.2d 468. Accordingly, Jensen may not rely on this charge to demonstrate that his case falls within Wis. Stat. § 971.19(12).

investigation." The third category applies to "violation[s] of any other law arising from or in relation to . . . any matter that involves elections, ethics, or lobbying regulation under chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19." We must determine whether the allegations against Jensen fall within the ambit of either the second or third categories. We will analyze each category in turn.

### 1. Official functions category

¶ 25. Wisconsin Stat. § 971.19(12) establishes that venue shall be in the county in which the defendant resides if it is alleged that he violated "any other law arising from or in relation to the official functions of the subject of the investigation." The parties do not dispute that Jensen was charged with "a violation of any other law" arising from his "official functions."

¶ 26. At oral argument, the State conceded: "We're actually not disputing that any other law, even in this case, could be [Wis. Stat.] § 946.12(3). We acknowledge that, actually." The State further conceded in its brief that Jensen's charges arise from his official functions. Indeed, this issue was addressed by the court of appeals in *Jensen I.* The court of appeals explained that Jensen "fac[es] prosecution for violating a criminal statute, namely § 946.12(3), which prohibits [an] official[ ], such as [Jensen], from violating [his] duty as [a] public official[ ]." *Jensen I,* 272 Wis. 2d 707, ¶ 31. As the case is presented to us, the dispute between the parties focuses on whether Jensen was "the subject of the investigation," as that phrase is used in Wis. Stat. § 971.19(12).

¶ 27. The State urges us to interpret "the subject of the investigation" as including only investigations

conducted by the Government Accountability Board. We disagree. For the reasons explained below, we conclude that Wis. Stat. § 971.19(12) encompasses investigations by the Government Accountability Board, the former Elections Board, the former Ethics Board, and district attorneys.

¶ 28. The legislature created the Government Accountability Board in 2007 Wis. Act 1. As part of that Act, the legislation abolished both the Elections Board and the Ethics Board. *See* Drafting File for 2007 Wis. Act 1, *Analysis by the Legislative Reference Bureau* of 2007 S.B. 1, Legislative Reference Bureau, Madison, Wis. [hereinafter *Analysis by the Legislative Reference Bureau*]. The Government Accountability Board has the power to investigate violations of the laws it administers, which includes "chs. 5 to 12, other laws relating to elections and election campaigns, subch. III of ch. 13, and subch. III of ch. 19." Wis. Stat. § 5.05(1), (2m). The former Elections Board had the power to investigate possible violations of the elections laws. Wis. Stat. § 5.05(3) (2005–06). The former Ethics Board had the power to investigate possible violations of the ethics laws and lobbying regulation laws. Wis. Stat. § 19.49(3) (2005–06); Wis. Stat. § 13.74(2) (2005–06). District attorneys also have the power to investigate possible violations of chs. 5 to 12, other laws relating to elections and election campaigns, subch. III of ch. 13, and subch. III of ch. 19. *See* Wis. Stat. § 978.05.

¶ 29. We begin by recognizing the broad language the legislature used in drafting Wis. Stat. § 971.19(12). The statute includes the phrases "for a violation of *any* other law" and "*any* matter that *involves* elections, ethics, or lobbying regulation." § 971.19(12) (emphasis added). In *Marotz v. Hallman*, 2007 WI 89, 302 Wis. 2d 428, 734 N.W.2d 411, we explained that a phrase modi-

fied by the word " 'any' indicates broad application." *Id.*, ¶ 25. In *State v. Perez,* 2001 WI 79, 244 Wis. 2d 582, 628 N.W.2d 820, we explained our broad interpretation of Wis. Stat. § 968.20(1m)(b), which contained the phrase "involving the use," by noting that " '[i]nvolving' is a broad term." *Id.*, ¶ 31.

¶ 30. To be consistent with the broad language utilized by the legislature in Wis. Stat. § 971.19(12), we interpret the phrase "subject of the investigation" broadly to encompass more than just Government Accountability Board investigations. The State's interpretation is too limited and is contrary to the broad language contained in § 971.19(12).

¶ 31. Statutory interpretation also requires that we examine the statutory language, "subject of the investigation," in the context in which it is used, *i.e.,* in relation to the language of closely-related statutes. *See Kalal,* 271 Wis. 2d 633, ¶ 46. Wisconsin Stat. § 978.05 is a closely related-statute as subsection (1) was amended in 2007 Wis. Act 1 to reflect the language the legislature used in creating Wis. Stat. § 971.19(12). Section 978.05 sets forth duties of district attorneys, and subsection (1) states in relevant part:

> The district attorney shall:
>
> (1) Criminal Actions. Except as otherwise provided by law, prosecute all criminal actions before any court within his or her prosecutorial unit and have sole responsibility for prosecution of all criminal actions arising from violations of chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19 and from violations of other laws arising from or in relation to the official functions of the subject of the investigation or any matter that involves elections, ethics, or lobbying regulation under chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19.

§ 978.05(1) (emphasis added).

¶ 32. Because Wis. Stat. §§ 978.05(1) and 971.19(12) were created to parallel one another, the two statutes should be interpreted consistently. *Compare* § 978.05(1) ("sole responsibility for prosecution of all criminal actions arising from . . . violations of other laws arising from or in relation to the official functions of the subject of the investigation") *with* § 971.19(12) ("violation of any other law arising from or in relation to the official functions of the subject of the investigation"). To interpret "the subject of the investigation" under § 978.05(1) to include only Government Accountability Board investigations would produce absurd results because it would limit the powers of district attorneys to prosecute crimes involving elections, ethics, and lobbying regulation without any indication of such a limitation from the legislature.

¶ 33. To explain further, district attorneys possess the "sole responsibility for prosecution of all criminal actions arising from . . . violations of other laws arising from or in relation to the official functions of the subject of the investigation."[11] Wis. Stat. § 978.05(1). Incorporating the State's interpretation of the phrase "the subject of the investigation" to mean "the subject of the

_____

[11] The attorney general has the power to prosecute criminal violations of the elections, ethics, and lobbying regulation laws in certain circumstances. If the defendant in the action "is a district attorney or a circuit judge or a candidate for either such office, the action shall be brought by the attorney general." Wis. Stat. § 5.05(2m)(i). If the district attorney declines or fails to prosecute an alleged criminal violation, the Government Accountability Board may refer the matter to the attorney general. § 5.05(2m)(c)15.–16.; Wis. Stat. § 5.08. The attorney general may commence actions for equitable, legal, or peremptory relief to compel compliance with the election laws. Wis. Stat. § 5.07.

[Government Accountability Board] investigation" to both Wis. Stat. §§ 971.19(12) and 978.05(1) would inhibit the district attorney from prosecuting criminal violations "of any other law arising from or in relation to the official functions of the subject of the investigation" *unless* the Government Accountability Board first initiates an investigation. *See* § 971.19(12); § 978.05(1).

¶ 34. However, the Government Accountability Board is not *required* to investigate alleged violations; it is merely *permitted* to investigate such violations. *See* Wis. Stat. § 5.05(2m)(a);[12] Opinion of Wis. Att'y Gen. to

[12] Wisconsin Stat. § 5.05(2m)(a) states in relevant part: "The board shall investigate violations of laws administered by the board and may prosecute alleged civil violations of those laws." The Wisconsin Attorney General noted: "Despite the fact that both 'shall' and 'may' are used in Wis. Stat. § 5.05(2m)(a), the [Government Accountability] Board clearly is not required to investigate all alleged violations of election laws, lobby laws, and ethics laws." Opinion of Wis. Att'y Gen. to Todd P. Wolf, Wood County Dist. Att'y, OAG 10–08 (Oct. 29, 2008).

The attorney general justified that conclusion by pointing to Wis. Stat. § 5.05(2m)(c)4., which limits when the Government Accountability Board is permitted to conduct an investigation. The Government Accountability Board may commence an investigation only if it "believes that there is reasonable suspicion that a violation . . . has occurred or is occurring." § 5.05(2m)(c)4. If it finds reasonable suspicion then it "*may* by resolution authorize the commencement of an investigation." *Id.* (emphasis added). Finally, its resolution must "specifically set forth any matter that is authorized to be investigated." *Id.*

The parties both agree that the Government Accountability Board is permitted, not required, to conduct an investigation. The State's brief to this court explained that "the G[overnment] A[ccountability] B[oard] 'shall' *consider* investigation of all allegations of violations of the enumerated statutes of which it becomes aware." (Emphasis added) (citing Wis. Stat. § 5.05(2m)(a)). Jensen's brief explained that the "G[overnment]

Todd P. Wolf, Wood County Dist. Att'y, OAG 10–08 (Oct. 29, 2008) (explaining that "the [Government Accountability] Board and district attorneys possess joint and co-equal authority to investigate" and that the Government Accountability Board "has no statutory obligation to commence an investigation"). Accordingly, under the State's interpretation, the district attorney's authority to prosecute a criminal violation venued according to Wis. Stat. § 971.19(12) hinges on the Government Accountability Board's initiation of an investigation, which the Board is not required to commence. Under the State's theory, it would be the Government Accountability Board that would decide which "official functions" violations are subject to criminal prosecution.

¶ 35. This cannot be an accurate reading of the statute because it is at odds with the district attorney's "sole responsibility for prosecution" of alleged "official functions" violations. Wis. Stat. § 978.05(1); Wis. Stat. § 5.05(2m)(c)11. Stated otherwise, the State's interpretation of "the subject of the investigation" as referring only to a Government Accountability Board investigation inhibits the district attorney's prosecutorial authority, which § 978.05(1) expressly confirms, on discretionary investigatory action on the part of the board. The State's argument, in effect, permits the Government Accountability Board to control, and therefore limit, the district attorney's prosecutorial authority. Section 978.05(1) gives no indication that a district attorney's ability to prosecute criminal violations of any matter involving elections, ethics, or lobbying regulation should be conditioned on the Government Ac-

A[ccountability] B[oard] and the appropriate district attorney's office have *concurrent* jurisdiction to investigate conduct that may ultimately give rise to criminal charges."

countability Board's decision to investigate. The State's reading of Wis. Stat. §§ 971.19(12) and 978.05(1) conflicts with our goal of harmonizing provisions relating to the same subject matter. *See State v. Morford,* 2004 WI 5, ¶ 21, 268 Wis. 2d 300, 674 N.W.2d 349.

¶ 36. The phrase "the subject of the investigation" appears in two other statutory provisions, *see* Wis. Stat. § 5.05(5s)(d);[13] Wis. Stat. § 5.05(2m)(c)14.,[14] both of which were enacted by 2007 Wis. Act 1. The State contends such phrase in both of these statutes unambiguously refers only to a Government Accountability Board investigation. Accordingly, the State contends that Wis. Stat. § 971.19(12) must be interpreted in the context of § 5.05 as a closely-related statute, and in so doing, we must also interpret § 971.19(12) as referring only to Government Accountability Board investigations.

¶ 37. Both of the provisions referred to by the State are part of Wis. Stat. § 5.05, which was enacted to describe the composition, powers, and duties of the Government Accountability Board. The above-listed provisions are not part of the context in light of which

---

[13] Wisconsin Stat. § 5.05(5s)(d) states in relevant part: "If the board commences a civil prosecution of a person for an alleged violation . . . as the result of an investigation, the person who is the subject of the investigation may authorize the board to make available for inspection and copying . . . records of the investigation."

[14] Wisconsin Stat. § 5.05(2m)(c)14. states in relevant part: "If a special investigator . . . in the course of an investigation authorized by the board, discovers evidence of a potential violation of a law that is not administered by the board arising from or in relation to the official functions of the subject of the investigation . . . the special investigator . . . may present that evidence to the board."

we interpret Wis. Stat. § 971.19(12) because they do not involve the prosecution of a crime, as § 971.19(12) and Wis. Stat. § 978.05(1) do. *See Kalal,* 271 Wis. 2d 633, ¶ 46. While all three statutes were enacted by 2007 Wisconsin Act 1, the Government Accountability Board is a separate entity, the duties and powers of which are specifically tailored to refer to that entity. A statute created to enumerate the powers and duties of the Government Accountability Board will likely be referring to the Government Accountability Board in the phrase "the subject of the investigation" for such entity is the focus of the statute. However, the same cannot be said for the interpretation of the phrase "the subject of the investigation" in § 971.19(12), a statute that is not limited, on its face or in its application, by the powers and duties of the Government Accountability Board. Accordingly, interpreting "the subject of the investigation" in § 971.19(12) in light of § 5.05, a statute which appears in a limited, narrow context does not assist our construction of § 971.19(12).

¶ 38. Furthermore, were we to follow the State's interpretation, venue for a violation of "any other law arising from or in relation to the official functions of the subject of the investigation" would be in the county in which the crime was committed if the Government Accountability Board does not investigate and in the county in which the defendant resides if the Government Accountability Board does investigate. However, in either circumstance, when a criminal violation is alleged the district attorney of the county of venue would prosecute the action.[15] Indeed, in its brief the

---

[15] If the district attorney refuses to prosecute the referral of an alleged criminal violation, the attorney general may do so. *See* Wis. Stat. § 5.05(2m)(c)16.

608

State conceded: "The defendant's charged conduct would fall within the ambit of this category if his conduct had been the subject of a GAB [Government Accountability Board] investigation, but it was not." The State contends that differing results based on which entity investigates are justified by convenience considerations.

¶ 39. The State explained that referring an alleged criminal violation to a district attorney in a county other than where the offense occurred after the Government Accountability Board has investigated allows the district attorney to resolve the case much more quickly because the district attorney benefits from the Government Accountability Board investigation. The State explained at oral argument that it is difficult to prosecute a case "where the conduct, the evidence, the gravamen of the offense is in another county." Moreover, Brian Blanchard, Dane County District Attorney,[16] testified before the Senate Committee on Campaign Finance Reform and Ethics regarding his "strong objections" to the new venue provision created by 2007 Senate Bill 1. *Testimony of Brian Blanchard, Dane County District Attorney, to the Senate Committee on Campaign Finance Reform and Ethics Regarding Assembly/Special Session Bill 1,* Jan. 18, 2007, *on file with* the Wisconsin Legislative Council [hereinafter *Testimony of Brian Blanchard*].[17] At the hearing, he contended that the proposed venue provision was "un-

---

[16] Brian Blanchard was counsel for the State of Wisconsin in this case and argued the case to this court.

[17] We are using Wis. Stat. § 971.19(12)'s legislative history to confirm our plain-meaning interpretation of it. *See State ex rel. Kalal v. Circuit Court for Dane Cnty,* 2004 WI 58, ¶ 51, 271 Wis. 2d 633, 681 N.W.2d 110 ("[L]egislative history is sometimes consulted to confirm or verify a plain-meaning interpretation.").

precedented and unworkable" and advocated for the application of the traditional venue rule, which requires a defendant to be tried where a crime was committed. *Id.* His main concern with the proposed venue provision was the inconvenience it would cause district attorneys.[18] *See id.*

¶ 40. Prosecuting a case may be inconvenient for district attorneys in counties distant from where the alleged crime occurred; however, the legislative history of 2007 Senate Bill 1 indicates that the legislature rejected concerns bottomed in inconvenience to district attorneys. After considering Attorney Blanchard's testimony regarding his concerns about the venue provision, the legislature voted to pass the bill without amending any portion of it. Accordingly, the legislature in effect rejected Attorney Blanchard's convenience argument.

¶ 41. We further note that neither Wis. Stat. § 971.19(12) nor the statute's stated purpose in Wis. Stat. § 801.64, provide a basis for a convenience-based distinction. At oral argument, we directed the State to the legislative findings contained in § 801.64 and asked counsel to explain how the convenience of the district

---

[18] Attorney Blanchard testified that: "The rationale behind th[e] [traditional venue] rule is clear. The county or district in which the offense occurred is where witnesses and evidence are most likely to be found[] [and] where resources to investigate the offense should be located." *Testimony of Brian Blanchard, Dane County District Attorney, to the Senate Committee on Campaign Finance Reform and Ethics Regarding Assembly/Special Session Bill 1,* Jan. 18, 2007, *on file with* the Wisconsin Legislative Council. Under the proposed venue statute, Blanchard contended, the district attorney with venue to prosecute the case is located in a county "where there appears to be no relevant evidence, witnesses, or local nexus to the case." *Id.*

attorney promotes the stated purpose of the venue provision, which is to give the people who elected the defendant and whose trust was violated by the defendant an opportunity to judge him at trial. *See* § 801.64. The State conceded that its interpretation based on convenience for district attorneys does not further the stated purpose, and admitted they are "competing interests."

¶ 42. We must interpret a statute to promote, not to contravene, its statutory purpose. *See Kalal,* 271 Wis. 2d 633, ¶ 49. First, we note that the legislature set out a broad, unambiguous purpose. Wisconsin Stat. § 801.64 explains that the venue provision broadly applies to "violations of the public trust." Such violations should be tried in the county where the offender resides so the individuals "whose trust was violated by the offense will judge the defendant's guilt or innocence." *Id.* To promote such a broad purpose, we must broadly interpret Wis. Stat. § 971.19(12), including the phrase "the subject of the investigation." Accordingly, we conclude that venue is proper in the county in which the defendant resides when charged with a violation of any other law arising from or in relation to the official functions of the subject of the investigation commenced by the district attorney, the former Elections Board, the former Ethics Board, or the Government Accountability Board. Such an interpretation does not base venue on who commenced the investigation of the alleged criminal violation; instead, our interpretation broadly encompasses violations of the public trust.

¶ 43. Applying that interpretation of category two of Wis. Stat. § 971.19(12) to the case before us, we conclude that venue for the crime of which Jensen has been accused is in Waukesha County Circuit Court, "the circuit court for the county where the defendant re-

611

sides," because it is an action alleging "a violation of any other law arising from or in relation to the official functions of the subject of the investigation." Jensen was the subject of an investigation by the former Elections Board and the Dane County District Attorney for what were alleged to be violations of his official functions.

### 2. Any matter that involves elections, ethics, or lobbying regulation

¶ 44. Although we have concluded that Waukesha County Circuit Court is the proper venue for the State's case against Jensen because the allegations come within category two of Wis. Stat. § 971.19(12), we continue our analysis to determine whether the allegations against Jensen also fall within the third category of the statute because his pending charges are alleged "violation[s] of any other law arising from or in relation to . . . any matter that involves elections, ethics, or lobbying regulation under chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19."

¶ 45. The State urges us to interpret category three as applying only to matters involving violations of administrative regulations promulgated by the Government Accountability Board for the administration of the elections, ethics, and lobbying regulation laws. The State submits that the statute demands such an interpretation because "regulation" does not modify only "lobbying," but instead modifies "elections," "ethics," and "lobbying." We are unpersuaded.

¶ 46. We begin by reemphasizing, as we did previously, the broad language the legislature used in drafting Wis. Stat. § 971.19(12). *See supra* ¶ 29. The

phrases "for a violation of *any* other law" and "*any* matter that *involves*" are broadly stated introductory phrases. *See* § 971.19(12) (emphasis added). To be consistent with the broad language utilized by the legislature in § 971.19(12), we interpret the phrase "any matter that involves elections, ethics, or lobbying regulation" broadly to encompass more than just violations of administrative regulations promulgated by the Government Accountability Board to assist in its administration of the elections, ethics, and lobbying regulation. Again, we conclude that the State's interpretation is too limited and is contrary to the broad language of the statute.

¶ 47. Next, we reject the State's interpretation that "regulation" modifies "elections," "ethics," and "lobbying." Instead, we conclude that "regulation" modifies only the word "lobbying." We so conclude because the term "lobbying regulation" is a term of art utilized in subch. III of ch. 13. This is evidenced in several places in subch. III of ch. 13. First, subch. III of ch. 13 is entitled "Regulation of Lobbying." Second, Wis. Stat. § 13.61 is entitled, "Lobbying regulated; legislative purpose." Third, § 13.61 explains that "the legislature determines that it is necessary to *regulate*" lobbying. (Emphasis added.) Accordingly, we conclude that "regulation" modifies only "lobbying" and this is supported by the use of the term "lobbying regulation" elsewhere in the Wisconsin statutes. Because "regulation" modifies only the word "lobbying," Wis. Stat. § 971.19(12) is not limited to violations of administrative regulations; rather, it encompasses violations of any matter that involves elections, ethics, and lobbying regulation.

¶ 48. There are numerous authorities that confirm our interpretation. *See Kalal,* 271 Wis. 2d 633, ¶ 51 ("[L]egislative history is sometimes consulted to

confirm or verify a plain-meaning interpretation."). First, the Wisconsin Legislative Council's interpretation is consistent with our interpretation that category three involves violations of any matter that involves elections, ethics, and lobbying regulation, not only administrative regulations. The Legislative Council's memo states, Wis. Stat. § 971.19(12) "[p]ermits a defendant . . . who is prosecuted in connection with a violation of an election *law,* campaign finance *law,* lobbying *law,* or ethics *law* to move to change the place of trial to the county where the offense was committed." *Wisconsin Legislative Council Amendment Memo for Senate Substitute Amendment 2 to 2007 Special Session Senate Bill 1* (Jan. 30, 2007) (on file with Wisconsin Legislative Council), *available at* http://www.legis.state.wi.us/2007 /data/lc_amdt/jr7sb001.pdf (emphasis added).[19]

¶ 49. Another Legislative Council memo states, "In general under [2007 Wis.] Act [1], a Wisconsin resident must be criminally or civilly prosecuted in the county of residence for violations of laws relating to . . . any matter involving elections, campaign financing, lobbying regulation, or ethics." *Wisconsin Legislative Council Act Memo for Government Accountability Board to 2007 Wis. Act 1* (Feb. 26, 2007) (on file with Wisconsin Legislative Council), *available at* http://www.legis.state.wi.us/2007 /data/lc_act/act001–jr7sb1.pdf (emphasis added). Inserting a comma before and after "lobbying regulation" indicates that "regulation" modifies only the word "lobbying." This is consistent with our interpretation.

---

[19] This comment is in accord with Wis. Stat. § 971.223. *See supra* note 7.

¶ 50. Second, at least one court has interpreted "lobbying regulation" as a term of art referring to subch. III of ch. 13. In *Katzman v. Wisconsin Ethics Board,* 228 Wis. 2d 282, 596 N.W.2d 861 (Ct. App. 1999), the court noted, "The Ethics Board is charged with the responsibility of administering state *laws regulating* the conduct of *lobbyists.*" *Id.* at 284 n.1 (citing Wis. Stat. § 13.685) (emphasis added).

¶ 51. Finally, the analysis by the Legislative Reference Bureau of 2007 Senate Bill 1 confirms this construction. It states: "The bill also provides that violations of any civil or criminal laws by a resident of this state arising from or in relation to . . . any matter that involves elections, ethics, or *lobbying regulation laws* shall be prosecuted in circuit court for the county where the defendant resides." *Analysis by the Legislative Reference Bureau, supra* ¶ 28 (emphasis added).

¶ 52. Applying our interpretation of category three to the case before us, we conclude that proper venue is in Waukesha County Circuit Court, "the circuit court for the county where the defendant resides," because the State's action against Jensen alleges a violation arising from or in relation to a matter involving elections under chs. 5 to 12, Wis. Stat. § 971.19(12). This is so because Jensen was charged with a violation of Wis. Stat. § 946.12(3), misconduct in public office. That charge alleges a violation of "any other law" arising from or in relation to elections.

## III. CONCLUSION

¶ 53. We conclude that Wis. Stat. § 971.19(12) establishes Waukesha County Circuit Court as the proper venue for Jensen's trial because the State's allegations against Jensen come within two categories

of actions described in § 971.19(12). First, the State alleged that Jensen violated a law arising from or in relation "to the official functions of the subject of the investigation." Second, the State alleged that Jensen violated a law "arising from or in relation to . . . any matter that involves elections . . . under chs. 5 to 12." Accordingly, we reverse the court of appeals decision affirming the circuit court's denial of Jensen's motion to change the venue of his trial to Waukesha County Circuit Court. Waukesha County Circuit Court is the proper venue for the action that the State has brought against Jensen.

*By the Court.*—The decision of the court of appeals is reversed, and the action is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 54. DAVID T. PROSSER, J., did not participate.

¶ 55. SHIRLEY S. ABRAHAMSON, C.J. (*concurring*). I agree that Scott R. Jensen's motion to change the venue of his criminal trial from Dane County, the place where the alleged illegal conduct occurred, to Waukesha County, Scott Jensen's county of residence, should be granted. The legislature intended this result.

¶ 56. I begin by placing in context Wis. Stat. § 971.19(12), the "home county venue" provision at issue in the instant case. This provision was enacted as part of 2007 Wisconsin Act 1, which created the Government Accountability Board and significantly overhauled how the state's elections, ethics, and accountability laws governing public officials are administered, investigated, and enforced. In practical terms, § 971.19(12) provides a special venue rule for certain offenses by public officials: trial in the county of the official's residence. This venue provision supplants the

usual rule of venue, which is of long standing and constitutional stature, that prosecution and trial generally take place where the offense occurred.

¶ 57. In short, section 971.19(12) arguably provides preferential procedural treatment for those prosecuted in public ethics actions, who are disproportionately public officials. Perhaps not surprisingly, this provision was very controversial during the passage of the Act and was subject to much scrutiny and negotiation, as was the entire Act. That context provides valuable insight in interpreting the statutory provision. I shall return to the context after first examining the text of § 971.19(12).

I

¶ 58. I turn first to the text of Wis. Stat. § 971.19(12). The text is very difficult to read and understand and hard to apply to the facts of the present case. To help analyze § 971.19(12), I format the text as follows:

§ 971.19(12). Except as provided in s. 971.223,[1] in an action

[1] for a violation of chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19, or

---

[1] Wisconsin Stat. § 971.223 provides an opt-out provision. A defendant subject to "home county venue" under Wis. Stat. § 971.19(12) may choose instead to be tried in the county where the alleged offense was committed. As discussed further below, this opt-out provision appears to have been added to save the "home county venue" provision from running afoul of the state constitutional right to jury trial in "the county or district wherein the offense shall have been committed." Wis. Const. art. I, § 7.

[2] for a violation of any other law arising from or in relation to the official functions of the subject of the investigation or

[3] any matter that involves elections, ethics, or lobbying regulation under subch. 5 to 12 [chs. 5 to 12], subch. III of ch. 13, or subch. III of ch. 19

a defendant who is a resident of this state shall be tried in circuit court for the county where the defendant resides. For purposes of this subsection, a person other than a natural person resides within a county if the person's principal place of operation is located within that county.

¶ 59. Part [1] of Wis. Stat. § 971.19(12) seems straightforward and clear. A defendant who violates one of the specifically enumerated statutes shall be tried in the circuit court in the county where the defendant resides. The parties, the majority opinion, and I all agree that this part of § 971.19(12) does not apply in the present case. Scott Jensen is not charged with violating any of the enumerated statutes. Rather, he is charged with a felony under Wis. Stat. § 946.12(3), misconduct in public office.

¶ 60. Part [2] of Wis. Stat. § 971.19(12) is not limited to a violation of election, ethics, or lobbying laws. Rather, under part [2] of § 971.19(12) a person who violates any law arising from or in relation to his or her official function shall be tried in the circuit court in the county where the defendant resides. Scott Jensen is charged with violating a law relating to his official functions as a legislator.[2]

---

[2] Scott Jensen's argument with regard to Part [2] is that he is the subject of the investigation and is charged with committing misconduct in public office, "in relation to" the official functions of his office, by his purported failure to comply with

¶ 61. The difficulty presented in Part [2] of Wis. Stat. § 971.19(12), however, is the meaning of the statutory phrase "subject of *the* investigation." The statute does not say "subject of *an* investigation." The legislature's use of the article *"the"* rather than *"a"* appears to refer to a specific type of investigation rather than to any type of investigation.

¶ 62. As the majority opinion points out, the phrase "subject of the investigation" appears in other sections of the Act where the phrase clearly refers to investigations by the Government Accountability Board. *See* majority op., ¶¶ 36–37. The ordinary rule of statutory interpretation is that the legislature intends a word or phrase used in a single Act to have the same meaning throughout the Act.[3] Here, the majority opinion at ¶ 37 abandons this rule of statutory interpretation and declares that the same phrase is meant to have different meanings in different parts of the same enactment. This reasoning is unconvincing.

¶ 63. The majority opinion interprets the phrase "the subject of the investigation" to include "investigations by the Government Accountability Board, the former Elections Board, the former Ethics Board and district attorneys." This delineation of a set of investigations has no textual basis. Why include these bodies but not investigations by the Attorney General or by other executive or law enforcement entities? Subject to those arbitrary distinctions, the majority effectively equates "the subject of the investigation" with "a defen-

the duties of state officials, duties established in part by the laws regulating elections, ethics, and lobbying under chapters 11, 12, and 19 of the statutes.

[3] *See, e.g., Phelps v. Physicians Ins. Co. of Wis.,* 2005 WI 85, 58, 282 Wis. 2d 69, 698 N.W.2d 643; *State v. Dismuke,* 2001 WI 75, 21, 244 Wis. 2d 457, 628 N.W.2d 791.

dant." But section 971.19(12) uses both "the subject of the investigation" and "a defendant." In interpreting statutes, the court ordinarily says that when the legislature uses two different words or phrases the legislature intended the two to have different meanings.[4] The majority opinion in effect reads the phrase "subject of the investigation" to mean "a defendant."

¶ 64. Part [2] of Wis. Stat. § 971.19(12) is difficult to understand and apply, especially to the facts of the present case.

¶ 65. I now turn to the text of Part [3] of Wis. Stat. § 971.19(12). The first quandary is that the text is grammatically challenged. It cannot be understood as written. If Part [3] is read literally it does not yield an intelligible sentence: "Except as provided in s. 971.223, in an action . . . any matter that involves elections . . . ."

¶ 66. Part [3] makes sense if, for example, the word "for" is inserted in the statute. With this addition the statute would read as follows: "Except as provided in s. 971.223, in an action . . . **for** any matter that involves elections . . . ."

¶ 67. Or, to make sense Part [3] may be read to incorporate the 13–word introductory phrase appearing in Part [2] of § 971.19(12). With the addition of these words, Part [3] would read as follows: "Except as provided in s. 971.223, in an action . . . **for a violation of any other law arising from or in relation to** any matter that involves elections . . . ." The majority opin-

---

[4] *Pawlowski v. Am. Family Mut. Ins. Co.*, 2009 WI 105, ¶ 22 n.14, 322 Wis. 2d 21, 777 N.W.2d 67 (citing *Graziano v. Town of Long Lake*, 191 Wis. 2d 812, 822, 530 N.W.2d 55 (Ct. App. 1995) ("[W]here the legislature uses similar but different terms in a statute, particularly within the same section, we may presume it intended the terms to have different meanings.")).

ion at ¶¶ 20–23 adopts this reading of Wis. Stat. § 971.19(12). If there was ever any doubt about this provision's textual opacity, the conclusive evidence is that the majority requires four paragraphs of judicial analysis, including two dedicated to the absence of a single comma, just to decide which words should be cobbled together to form a proper sentence.

¶ 68. Having thus rehabilitated the statute's syntax, the majority opinion at ¶ 46 also broadly interprets the word "involves" used in Part [3] to include the charge in the present case for violation of Wis. Stat. § 946.12(3), misconduct in office. With this broad interpretation of Part [3], the majority opinion has in effect incorporated all of Part [1] of § 971.19(12) into Part [3], rendering Part [1] wholly surplusage and redundant. Direct violations of the ethics, lobbying, and elections laws, covered in Part [1], are plainly swallowed up by the majority's interpretation of "any matter that involves elections, ethics or lobbying regulation." This reading of Part [3] renders Part [1] irrelevant, violating yet another basic rule of statutory interpretation.[5]

¶ 69. It is obvious that the text of Wis. Stat. § 971.19(12) raises many problems and questions that the majority opinion has not satisfactorily resolved. I return to the context of the "home county venue" provision for guidance. The text is more easily understood and applied by examining the findings and objectives the legislature set forth in adopting the Act.

[5] *See, e.g., DaimlerChrysler v. LIRC,* 2007 WI 15, ¶ 32, 299 Wis. 2d 1, 727 N.W.2d 311 ("Statutes should be interpreted so that every word is given effect."); *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980) ("A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect.").

## II

¶ 70. The enactment of a comprehensive ethics, elections, and accountability bill was considered by the legislature for several years. In January 2007, Governor James Doyle called the legislature into special session on ethics reform, and the legislature adopted 2007 Wisconsin Act 1. Like many laws, the Act was a delicate compromise between the governor and the legislature, between the Senate and the Assembly, and between members of the two political parties.[6] With all the compromises, the Act was adopted overwhelmingly—97–2 in the Assembly and 33–0 in the Senate.[7]

¶ 71. Prior to the adoption of the Act, both Democratic and Republican members of the legislature had been prosecuted and convicted for violating various laws as public officials. Section 971.19(12), the "home county venue" provision, was critical to winning Republican support.[8] It was reported that Republican legislators considered the "home county" provision "critical, because three of their former leaders were convicted of

---

[6] *See* Judith Davidoff, *Ethics Overhaul Headed for Passage: Some Provisions Trouble DA, Journalists,* Capital Times, Jan. 30, 2007, at C1; Steven Walters & Patrick Marley, *Rift over Ethics Bill Expands: Parties are at odds over legality of measure that would try legislators in their home counties,* Milwaukee Journal Sentinel, Jan. 20, 2007, at A1; Stacy Forster, *If reforms are rejected, ethics, elections boards would return: Lawmaker promises option in case court strikes down changes,* Milwaukee Journal Sentinel, Jan. 17 2007, at B1.

[7] The bill passed without debate in the Senate. In the Assembly, supporters defeated attempts to remove the "home county venue" provision. Ryan J. Foley, *Ethics Board Gets Overwhelming OK: Governor Says He Will Sign Bill,* Capital Times (AP Wire Story), Jan. 31, 2007, at C1.

[8] Significantly, at the time this legislation was considered, the two houses of the legislature were controlled by two

crimes in Dane County."[9] By many reports, "Republicans were concerned that they would not get a fair shake in Madison courts."[10] Sponsors of the Act reportedly said "they allowed for a venue change in order to placate lawmakers who were concerned about facing an over-zealous Dane County prosecutor and a potentially hostile Dane County jury."[11] Rep. Fred Kessler (D-Milwaukee) criticized the "home county venue" provision as "giv[ing] the political class in Wisconsin a home-court advantage" and tried to amend the bill to remove the venue provision; this effort was soundly defeated in the Assembly by an 80–19 vote.[12]

¶ 72. Legislators also expressed concern, however, that the "home county venue" provision was unconstitutional.[13] Some argued that it would violate of Article I, Section 7 of the Wisconsin Constitution, which guarantees an accused "a speedy public trial by an impartial

different political parties. In the previous legislative session, a bill to create the Government Accountability Board that did not include the "home county venue" provision passed the Democratic-controlled Senate but failed to pass in the Republican-controlled Assembly. *See* 2005 Sen. Bill 1.

[9] Steven Walters, *DA: Ethics bill has 'loophole': Reform plan would let accused legislators be prosecuted in their home county,* Milwaukee Journal Sentinel, Jan. 19, 2007, at A1.

[10] *Editorial: Ethics Reform Bill Passage is Good News for Wisconsin,* La Crosse Tribune, Feb. 3, 2007.

[11] David Callender, *Ethics Reform Bill Draws DA's Fire— Blanchard: It Gives Accused Lawmakers Special Breaks,* Capital Times, Jan. 19, 2007, at C1.

[12] *See, e.g.,* Ryan J. Foley, *Ethics Board Gets Overwhelming OK Governor Says He Will Sign Bill,* Capital Times (AP Wire Story), Jan. 31, 2007, at C1.

[13] Steven Walters & Patrick Marley, *Rift over ethics bill expands: Parties are at odds over legality of measure that would try legislators in their home counties,* Milwaukee Journal Sentinel, Jan. 20, 2007, at A1.

jury of the county or district wherein the offense shall have been committed . . . ." The "home county venue" provision was therefore modified to allow an accused to opt out of the "home county venue" provision.[14] This opt-out provision was included to protect an accused's constitutional right to trial in the place where the acts were committed.

¶ 73. Trepidation was expressed that the "home county venue" provision might violate the equal protection clause of the Wisconsin and United States constitutions by treating certain defendants, disproportionately public officials, differently from other persons accused of crimes.[15]

¶ 74. In light of these constitutional concerns, the legislature adopted Wis. Stat. § 801.64, which made specific legislative findings regarding the Act.[16] The

---

[14] *See* Wis. Stat. § 971.223.

[15] Steven Walters & Patrick Marley, *Rift over ethics bill expands: Parties are at odds over legality of measure that would try legislators in their home counties,* Milwaukee Journal Sentinel, Jan. 20, 2007, at A1.

The circuit court raised the equal protection issue in the present case but did not resolve it, and no equal protection argument was made in this court. The combined effect of Wis. Stat. § 971.19(12) and § 971.223 is that certain criminal defendants, especially public officials, charged with certain crimes, are able to choose one of two venues, while most defendants are tried in the county where the allegedly criminal conduct occurred, with no choice about venue.

[16] The full text of Wis. Stat. § 801.64 reads as follows:

**801.64 Legislative findings; 2007 Wisconsin Act 1.** The legislature finds that providing under 2007 Wisconsin Act 1 for the place of trial in the county where the offender resides is consistent with the legislature's authority under article I, section 7, of the constitution and with previous acts by the legislature providing for the place of trial in counties other than where the elements of the

legislature collectively opined that the enactment of the "home county venue" and opt-out provisions was consistent with other statutes and with the protections under Article I, Section 7 of the Wisconsin constitution. The legislature further found that the "home county venue" provision "is consistent with equal protection of the laws under article I, section 1 of the [Wisconsin] constitution." Legislative findings pre-emptively defending the constitutionality of an enactment are unusual in Wisconsin legislative enactments.

¶ 75. Moreover, the legislature expressed its intent in Wis. Stat. § 801.64 that violations of offenses covered by the Act are violations of public trust and should be adjudicated in the county where the public official resides so that the individuals in the county whom the official serves will judge the official's guilt or innocence. Unfortunately, the legislature left murky in § 971.19(12) exactly which offenses are "violations of offenses covered by 2007 Wisconsin Act 1." Indeed the issue presented in the instant case is whether the charges against Scott Jensen are among those "viola-

offense may have occurred. The legislature further finds that allowing defendants charged with violating offenses covered by 2007 Wisconsin Act 1 to request a trial in the county where the offense occurred is consistent with the protections in article I, section 7, of the constitution. The legislature finds that violations of offenses covered by 2007 Wisconsin Act 1 are violations of the public trust that should be adjudicated in the county where the offender resides so the individuals who the defendant interacts with daily, serves, or represents as a public official or candidate and whose trust was violated by the offense will judge the defendant's guilt or innocence. The legislature further finds that to so provide is consistent with equal protection of the laws under article I, section 1, of the constitution. The legislature finds the venue provision in 2007 Wisconsin Act 1 represents an appropriate balance between the rights of the defendant and the need to prevent and prosecute civil and criminal offenses covered by 2007 Wisconsin Act 1.

tions of offenses covered by 2007 Wisconsin Act 1." As discussed above, it is not clear from the language whether any of the three parts of Wis. Stat. § 971.19(12) covers the charges pending against Scott Jensen.

¶ 76. The legislative goal of removing certain (but not all) cases involving public officials from prosecution and trial in Dane County to the county of the official's residence is, however, clear. The legislative findings and history inform the application of § 971.19(12) to the present case.

¶ 77. Scott Jensen was charged and convicted in Dane County Circuit Court before the Act was adopted. His appeal from his conviction was pending in the court of appeals when the Act was adopted. After the adoption of the Act, the court of appeals ordered a new trial for Scott Jensen. The parties agree that the Act applies to Scott Jensen's retrial. In light of the legislative history, the legislative findings in Wis. Stat. § 801.64, and the pendency of Scott Jensen's prosecution at the time the Act was debated, negotiated, and adopted, I would interpret the hard-to-read-and-understand home county venue provision, § 971.19(12), as including Scott Jensen.

¶ 78. For the reasons set forth, I write separately.

¶ 79. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.